

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-1998

# Gibbs v. Cross

Precedential or Non-Precedential:

Docket 96-3618

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Gibbs v. Cross" (1998). *1998 Decisions.* Paper 264.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed November 13, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-3618

HENRY GIBBS, JR.,
Appellant

v.

OFFICER PAUL CROSS,
Maintenance Supervisor

On Appeal From the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 96-cv-00213J)

Argued: May 19, 1998

Before: ROTH, McKEE Circuit Judges,
O'NEILL Senior District Judge*

(Filed: November 13, 1998)

       NANCY WINKELMAN, Esq. (Argued)
       Schnader, Harrison, Segal & Lewis
       1600 Market Street
       Suite 3600
       Philadelphia, PA 19103

Attorney for Appellant

_____

*The Honorable Thomas N. O'Neill, Jr., Senior District Judge of the
United States District Court for the Eastern District of Pennsylvania,
sitting by designation.

          JOHN G. KNORR, III, Esq. (Argued)
          AMY ZAPP, Esq.
          Office of Attorney General of
          Pennsylvania
          Department of Justice
          Strawberry Square
          15th Floor
          Harrisburg, PA 17120

          Attorneys for Appellee

          ALISA B. KLEIN, Esquire (Argued)
          United States Department of Justice
          Civil Division, Appellate Staff
          601 D. Street, N.W.
          Washington, D.C. 20530-0001

          Attorney for Intervenor-Appellee

OPINION OF THE COURT

McKEE, Circuit Judge:

Henry Gibbs appeals the district court's dismissal of his pro se civil rights complaint. The district court denied Gibbs' request for in forma pauperis status and dismissed the complaint pursuant to the "three strikes" provision of 28 U.S.C. S 1915(g). For the reasons that follow, we will reverse and remand to the district court for a determination of whether Gibbs was in "imminent danger" at the time of the alleged incidents.

I.

On August 7, 1996, Gibbs filed a pro se civil rights complaint pursuant to 42 U.S.C. S 1983, alleging that Cross, a prison maintenance supervisor, was causing Gibbs to be subjected to dangerous conditions while confined to the Restricted Housing Unit ("RHU") at the State Correctional Institution at Somerset.1 Although it is not clear
_____

1. By Order dated December 18, 1997, this Court appointed counsel to represent Mr. Gibbs.

from the complaint, it appears that Gibbs spent at least several months in a cell in the RHU. He claims that during this time "dust, lint and shower odor" were continuously emitted from the cell vent, causing Gibbs to suffer "severe headaches, change in voice, mucus that is full of dust and lint, and watery eyes." Appellant's Br. at 6. Gibbs alleges that prison personnel have not responded to his requests to address this situation and that he therefore filed this action seeking monetary damages. When Gibbs filed the action he remained housed in the RHU.

Gibbs' complaint was accompanied by a motion seeking leave to proceed in forma pauperis. The case was referred to a magistrate judge who determined that Gibbs had previously filed at least three civil actions that had been dismissed as frivolous and that he was therefore ineligible to proceed in forma pauperis because of the recently enacted provisions of 28 U.S.C. S 1915(g). The magistrate judge further determined that "although [Gibbs] allege[d] that his health suffered from the dust, lint, and odors in his cell, the allegations of his complaint do not colorably raise a claim of imminent danger of serious physical injury" so as to fit within the exception to S 1915(g). Accordingly, the magistrate judge recommended that the motion to proceed in forma pauperis be denied and that the complaint be dismissed without prejudice to Gibbs' right to refile upon payment of the required filing fee. The district court adopted the magistrate judge's Report and Recommendation as the opinion of the court and dismissed the complaint.

We granted Gibbs leave to appeal in forma pauperis in accordance with 28 U.S.C. S 1915(b) and appointed counsel to assist him with this appeal. Because Cross had not been served with a copy of the complaint, we directed that relevant portions of the record be forwarded to the state's Attorney General to allow for participation in the appeal.2 In
_____

2. When referencing the arguments presented on appeal by the state's Attorney General, we will refer throughout this opinion to the brief of appellee Cross although we are cognizant of the fact that Cross is not technically a party to this appeal since he was never served with a copy of the complaint.

addition, the United States intervened and has filed a brief defending the constitutionality of S 1915(g).3

The district court had subject matter jurisdiction pursuant to 28 U.S.C. SS 1331 and 1343. We have appellate jurisdiction to review a final order of the district court pursuant to 28 U.S.C. S 1291. Our review of the district court's interpretation of 28 U.S.C. S 1915(g) is plenary. See Gibbs v. Roman, 116 F.3d 83, 85 (3d Cir. 1997); Moody v. Security Pac. Bus. Credit, Inc., 971 F.2d 1056, 1063 (3d Cir. 1992).

II.

Congress enacted the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 S 801 ("PLRA") in 1996. One provision of the PLRA, often referred to as the "three strikes" provision, is at issue here. That provision is codified at 28 U.S.C. S 1915(g) and provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The bar imposed by this provision does not preclude an inmate from bringing additional suits. It does, however, deny him or her the right to obtain in forma pauperis status.

Gibbs does not dispute that he has accumulated at least three strikes.5 He argues instead that the "three strikes"

_____

3. The United States takes no position with respect to the issue of whether Gibbs falls within the statutory exception to S 1915(g).

5. We held in Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997), that dismissals as frivolous prior to the PLRA's enactment count as strikes. Gibbs' "strike" history includes at least the following civil actions: Gibbs v. Sobina, No. 95-00150 (W.D. Pa. Aug. 25,

4

provision should not bar him from proceeding in forma pauperis here because he has alleged "imminent danger of serious physical injury" within the exception contained in S 1915(g). Gibbs also asserts a constitutional challenge to 28 U.S.C. S 1915(g), arguing that it denies indigent inmates their constitutional right of access to the courts, and denies them the equal protection guarantee of the Fifth Amendment. His constitutional claims were not raised in the district court.

For the reasons that follow, we conclude that the district court erred in ruling that Gibbs was not eligible for in forma pauperis status as a matter of law, and we will therefore remand this matter for further proceedings consistent with this opinion. See Roman, 116 F.3d at 86. We will refrain from reaching the constitutional claims, but Gibbs is free to raise those on remand.5

As noted above, prisoners who are in "imminent danger of serious physical injury" are exempted from the "three strikes" provision in 28 U.S.C. S 1915(g). Gibbs has alleged that he was forced to breathe particles of dust and lint which were continuously being dispersed into his cell through the ventilation system. By the time Gibbsfiled the underlying civil action in the district court, he had been living under these conditions for some time and claims to have been suffering from "severe headaches, change in voice, mucus that is full of dust and lint, and watery eyes." Gibbs argues that, depending on the nature of the particles

_____

1995) (dismissed as frivolous), appeal dismissed as frivolous, No. 95-3481 (3d Cir. Nov. 21, 1995); Gibbs v. Monsour, No. 95-00167 (W.D. Pa. Aug. 25, 1995) (dismissed as frivolous); Gibbs v. Musser, No. 95-00227 (W.D. Pa. Dec. 29, 1995) (dismissed as frivolous), aff'd, No. 96-3031 (3d Cir. Dec. 31, 1996); Gibbs v. Tajeske, No. 95-00230 (W.D. Pa. Dec. 29, 1995) (dismissed as frivolous), appeal dismissed as frivolous, No. 96-3030 (3d Cir. April 4, 1996); Gibbs v. Sobina , No. 95-00255 (W.D. Pa. Dec. 29, 1995) (dismissed as frivolous), aff'd, No. 96-3029 (3d Cir. Dec. 31, 1996).

5. As we stated in Roman, "[s]ince Gibbs failed to raise these issues before the district court . . . we expressly decline to address or decide them here even though they have been briefed before us." 116 F.3d at 87.

he is breathing, there is a significant possibility that he is under imminent danger of serious physical injury, and he thus falls within the statutory exception of S 1915(g). Cross, on the other hand, argues that the physical symptoms experienced by Gibbs are not "serious" within the meaning of S 1915(g). Counsel for Cross attempts to minimize Gibbs' allegations by emphasizing their speculative nature.

> The Court should reject this invitation [to speculate]. Obviously, if sheer bootstrapping conjecture of this kind is sufficient to state an `imminent danger of serious physical injury' – if it is enough for a prisoner to say . . . that there is dust in his cell and for all he knows it might be asbestos, . . . then the three strikes rule will become a dead letter, a rule swallowed by its exception. This cannot have been Congress' intention.

Appellee's Br. at 15.

However, Gibbs does not merely allege that he is in a dusty cell. He alleges that unidentified dust particles were in his lungs and mucus, and that he is suffering from severe headaches, watery eyes, and a change in his voice as a result. See A. 16–17. We are unimpressed with appellee's attempt to minimize such allegations by emphasizing their speculative nature. Inmates ought to be able to complain of unsafe drinking water without awaiting the onset of dysentery. Helling v. McKinney, 113 S.Ct. 2475, 2480–81 (1993). ( "a prison inmate also could successfully complain about demonstrably unsafe drinking water without waiting for an attack of dysentery.") Inmates ought to be able to complain about "unsafe, life-threatening condition[s] in their prison" without waiting for something to happen to them.). After all, it is the prison administration, not the inmates, who are in the best position to determine the precise nature of any such contaminants in those situations where health hazards are not readily apparent to the unaided senses.

Thus, in Gibbs v. Roman, we instructed district courts to evaluate the allegations in a complaint filed by a pro se prisoner facing a S 1915(g) bar under our liberal pleading rules, construing all allegations in favor of the complainant and crediting those allegations of "imminent danger" that

6

have gone unchallenged. Gibbs v. Roman, 116 F.3d at 86. Here, neither the magistrate judge, nor the district court judge had the benefit of that ruling, and neither judge credited Gibbs' allegations regarding the conditions in the RHU.

Moreover, notwithstanding appellee's rejoinder, it is common knowledge that improper ventilation and the inhalation of dust and lint particles can cause disease. For example, the dangers posed by exposure to friable asbestos are all too well known. See, e.g., LaBounty v. Coughlin, 137 F.3d 68, 74 n.5 (2d Cir. 1998) ("friable asbestos poses a significant health risk because airborne particles can become lodged in lungs and in the respiratory tract and over time can lead to asbestosis, mesothelioma and lung cancer").

Cross bases much of his argument to the contrary upon several cases wherein courts have determined that symptoms such as headaches and nausea do not amount to a serious physical injury or that exposure to friable asbestos does not amount to a physical injury at all absent some manifestation of asbestosis symptomatology.[6] However, these cases were decided under an Eighth Amendment analysis, and that is quite different from the statutory analysis required under 28 U.S.C. S 1915(g). An Eighth Amendment claim requires a showing of "wanton and unnecessary infliction of pain [or conditions that are] grossly disproportionate to the severity of the crime warranting imprisonment . . .", Rhodes v. Chapman, 452 U.S. 337, 346 (1981), or that a prison official or employee has acted with deliberate indifference to a serious medical need. See, e.g. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Moreover, "[i]n assessing claims that conditions of confinement are cruel and unusual, courts must bear in mind that their inquiries spring from constitutional requirements. . . ." Rhodes, 452 U.S. at 351. (Internal quotation marks omitted).

_____

6. The cases cited by the Commonwealth include Doty v. County of Lassen, 37 F.3d 540 (9th Cir. 1994); O'Laughlin v. Doe, 920 F.2d 614 (9th Cir. 1990); Givens v. Jones, 900 F.2d 1229 (8th Cir. 1990); and Zehner v. Trigg, 133 F.3d 459 (7th Cir. 1997).

Accordingly, absent some indication that Congress intended to incorporate constitutional standards of cruel and unusual punishment into the procedures for filing a law suit in forma pauperis, Eighth Amendment analysis is of little assistance in determining congressional intent in enacting 28 U.S.C. S 1915(g). Our inquiry into the proper interpretation and application of S 1915(g) reveals no such intent.

Rather, Congress's intent in enacting the "three strikes" provision was twofold. Congress was clearly concerned with continuing to afford in forma pauperis filing status to inmates who had a history suggestive of abusing the judicial system.7 However, Congress was also fully cognizant of the need to afford redress to any indigent prisoner whose circumstances created an "imminent danger of serious physical injury." Had Congress wanted to limit the latter concern to only those inmates who alleged a violation of the Eighth Amendment, it would have said so.

Nevertheless, even some of the language that courts have used in the context of an Eighth Amendment analysis supports our conclusion that the district court erred here. For example, in Helling v. McKinney, 509 U.S. 25, 34, 113

_____

7. In interpreting 28 U.S.C. S 1915(d) which allowed dismissal of a frivolous in forma pauperis complaint prior to enactment of the PLRA, the Court stated:

> In enacting the federal in forma pauperis statute, Congress intended
> to guarantee that no citizen shall be denied an opportunity to
> commence, prosecute, or defend an action, civil or criminal, in any
> court of the United States, solely because ... poverty makes it
> impossible ... to pay or secure the costs of litigation. At the same
> time that it sought to lower judicial access barriers to the indigent,
> however, Congress recognized that a litigant whosefiling fees and
> court costs are assumed by the public, unlike a paying litigant,
> lacks an economic incentive to refrain from filing frivolous,
> malicious, or repetitive lawsuits. In response to this concern,
> Congress included subsection (d) as part of the statute, which
> allows the courts to dismiss an in forma pauperis complaint if
> satisfied that the action is frivolous or malicious.

Denton v. Hernandez, 504 U.S. 25, 31 (1992) (internal quotation marks and citations omitted). Congress incorporated a similar balance into the "three strikes" provision of the PLRA.

8

S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), the Supreme Court held that a claim of exposure to environmental tobacco smoke states a cause of action for violation of the Eighth Amendment protection against cruel and unusual punishment even though the inmate is asymptomatic because the health risk posed by involuntary exposure to second hand smoke was "sufficiently imminent". There, the Court rejected the argument that a claim could not be established absent a claim of present injury. The Court stated "the Court of Appeals cases to the effect that the Eighth Amendment protects against sufficiently imminent dangers as well as current unnecessary and wanton infliction of pain and suffering are legion." Id. Thus, we will not read the language of S 1915(g) to require that the "imminent danger" allegation be accompanied by allegations of an existing serious physical injury in order to bring a prisoner within the statutory exception to the "three strikes" provision. It is sufficient that the condition poses an imminent danger of serious physical injury.

This does not however, mean that a district court must accept any and all allegations of injury as sufficient to forestall application of 28 U.S.C. S 1915(g). Neither our decision here, nor our holding in Gibbs v. Roman prevents a district court from discrediting factual claims of imminent danger that are "clearly baseless," i.e., allegations that are fantastic or delusional and rise to the level of the"irrational or wholly incredible." Denton, 504 U.S. at 33, 112 S.Ct. at 1733. We do caution, however, that the inquiry a court may make under 28 U.S.C. S 1915(e) (allowing dismissal of frivolous complaints), See Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), is not the same as the one made when there is a challenge to a claim of "imminent danger" under 28 U.S.C. S 1915(g). The latter is only intended to determine whether a complainant may proceed without full payment of filing fees. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). "Once the fee barrier has been overcome, the merits of the cause of action are itself available for consideration and decision." Gibbs v. Roman, 116 F.3d at 87 n.7.8

_____

8. We are mindful that this procedure will often times necessitate further factfinding proceedings once the imminent danger allegation is challenged; a byproduct of the PLRA most likely not contemplated by Congress, but which must nonetheless be handled by the courts.

9

III.

For the above reasons, we will reverse the district court's order of dismissal and remand for further proceedings.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

10