**Laponzo M. DALLAS, Plaintiff–Appellant,**

v.

**Jane GAMBLE and Bill McCreedy, Defendants–Appellees.**

No. 00–1580.

United States Court of Appeals, Seventh Circuit.

Submitted March 5, 2001.*

Decided March 6, 2001.

Before EASTERBROOK, MANION, and DIANE P. WOOD, Circuit Judges.

Order

Laponzo Dallas, a state prisoner who has "struck out" by filing at least three prior frivolous suits, see 28 U.S.C. § 1915(g), and thus lost the privilege of filing additional suits *in forma pauperis*, nonetheless commenced this new suit without prepaying the filing fees. He argued that a statutory exception applies: a prisoner who "is under imminent danger of serious physical injury" may proceed without prepaying the fees, in order to seek relief from the conditions posing the imminent danger. See *Abdul–Akbar v. McKelvie*, 239 F.3d 307 (3d Cir.2001) (en banc). After concluding that Dallas is in no such danger, the district judge directed him to pay the filing fee and warned him that an appeal would create the risk of owing additional filing fees, which could be collected by foreclosing *all* of his litigation until he pays in full. See *Newlin v. Helman*, 123 F.3d 429, 436–37 (7th Cir.1997). Dallas did not pay the $150 filing fee, the case was dismissed, and Dallas then filed an appeal.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Dallas contends that he is in "imminent danger of serious physical injury" because his stomach "f[ee]ls like it has large folds and (erosions)" that he believes were caused by "some kind of toxic" (he asserts that he can "tast[e] the poison in his mouth"); he also perceives a "yellow spot" in one eye that to him signals hepatitis. He wants immediate hospitalization, which the prison's medical staff deems unwarranted. We may assume that Dallas honestly believes that he is at risk of imminent harm, but his self-diagnosis is too implausible to satisfy the statutory exception. Many deluded or paranoid persons genuinely believe that people are trying to harm them, but courts need not credit unsupported and implausible beliefs. See *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (overruled on other grounds by *Abdul–Akbar, supra*); *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir.1998). Cf. *Denton v. Hernandez*, 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

The district judge gave Dallas good advice, to which he should have listened. Now he owes the United States $255 ($150 for filing suit in the district court and another $105 for filing the notice of appeal). Until he pays this amount in full, the clerks of this court and every district court in the circuit will return, unfiled, any papers Dallas tenders in any civil litigation (other than a collateral attack on a criminal conviction). *Newlin*, 123 F.3d at 436–37; cf. *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir.1995).

AFFIRMED; PRECLUSION ORDER ENTERED