**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

|  |  |
|---|---|
| BERNARD RAY RICHARDSON,<br>　　　　　　*Plaintiff-Appellant,*<br><br>v.<br><br>HEATHER S. HITE, Health Services<br>Nurse; L. THOMPSON, Doctor,<br>　　　　　　*Defendants-Appellees.* | No. 02-7058 |

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-01-1431-AM)

Submitted: December 3, 2002

Decided: December 23, 2002

Before WILKINS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Bernard Ray Richardson, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Bernard Ray Richardson, a Virginia inmate, appeals the district court's dismissal without prejudice of his complaint against prison officials under 42 U.S.C. § 1983 (2000) for failure to pay the entire filing fee in accordance with 28 U.S.C. § 1915(g) (2000). Richardson, whom this court has previously found to be disqualified from proceeding in forma pauperis, renews on appeal his contention that he should be excused from paying the full filing fee because his complaint alleged "an imminent danger of serious physical injury." *See* § 1915(g). The district court found Richardson's complaint did not state such a danger, however, and we agree.

Reviewing Richardson's complaint, only his allegation that prison officials denied him medication for his elevated cholesterol levels could possibly satisfy the imminent danger exception to § 1915(g). Although § 1915(g) should not be read to interfere with inmates' ability "to complain about 'unsafe, life-threatening condition[s] in their prison' without waiting for something to happen to them," *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998) (quoting *Helling v. McKinney*, 509 U.S. 25, 34 (1993)), Richardson failed to demonstrate his elevated cholesterol levels were necessarily dangerous or that medication was a medical necessity.

Accordingly, we affirm the dismissal of Richardson's complaint without prejudice because he failed to pay the full filing fee or demonstrate an imminent danger of serious physical injury. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*