

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2003

# USA v. Santiago

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1551

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Santiago" (2003). *2003 Decisions.* Paper 377.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/377

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  02-1551
_____

UNITED STATES OF AMERICA

v.

HECTOR SANTIAGO,

Appellant

_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 01-cr-00379
District Judge: Honorable Eduardo C.  Robreno
_____

Submitted Under Third Circuit LAR 34.1(a) June 2, 2003

Before: BARRY, FUENTES, and ROSENN, Circuit Judges

(Filed: July 10, 2003)

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

A federal grand jury of the United States District Court for the Eastern District of

Pennsylvania indicted the defendant, Hector Santiago, for federal narcotics and weapons

violations.  The defendant pled guilty to Counts IV through VIII of the indictment,

charging him with being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1)(A).

The defendant entered into a cooperation plea agreement with the prosecution. The court sentenced the defendant to a term of imprisonment of two hundred and forty (240) months to be followed by six (6) years of supervised release, along with a $1000 fine and a $500 special assessment. The defendant's sentence was the mandatory minimum imposable by law given the gravity of the drug charge which is required to be served consecutive to the minimum sentence imposed for the defendant's criminal career status. The defendant timely appealed. We affirm.

Defendant's counsel filed a brief under Anders v. California, 386 U.S. 738 (1967) and a motion for leave to withdraw as his counsel. The only issue is whether the defendant's appeal is frivolous, as defense counsel found, or whether there are some serious issues for review. In this connection, we determine whether the Government violated the terms of the guilty plea agreement, the terms of the proffer letter, and whether the District Court erred when it imposed an enhanced sentence under the Armed Career Criminal statute, 18 U.S.C. § 924(e), based on Santiago's prior convictions. Our standard of review with respect to the first two issues is plenary, and as to the last,

whether the statute violates the ex post facto clause or is otherwise unconstitutional, is a legal issue subject to plenary review. Gibbs v. Cross, 160 F.3d 962, 964 (3d Cir. 1998).

This case is based upon an investigation by the Philadelphia police department during January and February 1999 and again in October 2000, when the police observed the defendant in drug distribution activity. On February 12, 1999, they executed a search warrant at 536 North Twelfth Street, Philadelphia, where they observed the defendant in a Pontiac Grand Am which he was using in furtherance of drug distribution. In January and February 1999, police officers conducted a surveillance of Santiago and others at Twelfth and Green Streets and 1027 West Norris Street in Philadelphia. Over a course of several months, they saw Santiago entering and exiting a house at 536 North Twelfth Street. They also saw Santiago and others engaging in what appeared to be the distribution of drugs with pedestrians and the handling of cash. Santiago appeared to be the supplier of the drugs and the organizer of the activity that took place in that house and in the immediate area.

Santiago drove a white Chevrolet Lumina in January 1999 and replaced it with a blue Pontiac Grand Am in February 1999. Police officers observed him driving the cars when he made frequent trips between Twelfth and Green Streets and 1027 Norris Street. They also observed Santiago crawling into the trunk of the Lumina to store either cash or other objects, or to obtain the same. He primarily directed the activity of others, although he was observed engaging in some transactions. The drugs sold and distributed involved

3

an off-white chunky substance consistent with crack cocaine.

As a result of the investigation and the execution of the search warrants, the officers confiscated seven cellular phones, seven pagers, two bags of paraphernalia containing unused vials and orange-colored Ziploc packets and $470. They also confiscated a cement bag containing three plastic bags containing packets of off-white chunky substance, later established to be crack cocaine. All in all, they confiscated seventy-nine packets of the substance. Additional crack cocaine was found at 1027 Norris Street, as well as a heat sealer, a triple-beam scale, a white box containing approximately eighteen new blue-tinted packets, and other material.

On February 12, 1999, police arrested Santiago in his Pontiac Grand Am parked in front of 536 North Twelfth Street at the time it was searched. When they arrested him, in addition to the other material that they found in the trunk of the car, the police discovered a .40 caliber Smith & Wesson pistol, loaded with ten live rounds of ammunition.

At the time of defendant's arrest in this case, Santiago had a criminal history that included at least three prior convictions involving either drugs or guns, making him a career offender. He was also on probation. Santiago entered into a cooperation guilty plea agreement under which he understood that the Government retained discretion to file a motion seeking a downward departure under section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e). The Government, in its sole discretion, determined

4

that the defendant had fulfilled all of his obligations of cooperation as set forth in the agreement. It also stated at sentencing that the only stipulations to which the parties had agreed were Santiago's abandonment of two firearms and his entitlement to a three-level downward adjustment due to his acceptance of responsibility under the Sentencing Guidelines.

The Government, however, did not move for a downward departure based on substantial assistance. Santiago moved for a downward departure from the offense level based on his medical and physical condition under U.S.S.G. § 5H1.4. He objected to an enhancement for "role in the offense" under U.S.S.G. § 3B1.1. He moved for a downward departure from the criminal history category on the ground that it substantially overstated his prior criminal history under U.S.S.G. § 4A1.3. He also moved for a downward departure based on his cooperation efforts under U.S.S.G. § 5K2.0.

The District Court denied the departures under U.S.S.G. §§ 5H1.4, 5K2.0, and 4A1.3, but found insufficient evidence to support a two-level enhancement for "role in the offense" under U.S.S.G. § 3B1.1. Therefore, the District Court concluded the total offense level was 29, the criminal history category was VI, and the applicable guideline range was 151-188 months imprisonment, plus 60 months to be served consecutively. The District Court sentenced Santiago to 240 months imprisonment (equivalent to the mandatory minimum sentence of twenty years imprisonment), six years supervised release, a fine of $1000, and a $500 special assessment. As required by Anders,

defendant's counsel's brief refers this court to those issues and portions of the record that might arguably support an appeal.  Counsel points out that those issues, including two which Santiago raises in his pro se brief, are frivolous.  The Government also agrees that these claims lack any basis in law or fact.  Additionally, we have examined the claims raised by Santiago in his pro se brief and we determine that they are also frivolous.

Accordingly, the judgment of conviction and sentence is affirmed.  Counsel's motion to withdraw is granted.

TO THE CLERK:

Please file the foregoing opinion.

_____     /s/ Max Rosenn
                         Circuit Judge
