

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2005

# USA v. Washington

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4465

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Washington" (2005). *2005 Decisions*. Paper 394.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/394

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4465
_____

UNITED STATES OF AMERICA

v.

BILLY WASHINGTON,
also known as BILLY JACOBS


Billy Washington,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 93-cr-00138-15
District Judge:  Honorable James McGirr Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2005

Before:  ROTH, McKEE and FISHER, *Circuit Judges*.

(Filed: October 17, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant Billy Washington challenges the District Court's statutory and constitutional authority to impose a second term of supervised release following a prison term imposed by the court for Washington's violation of the conditions of his first supervised release. We find no merit in Washington's contention and will affirm the term of supervised release imposed by the District Court. As we write only for the parties, we set forth only those facts necessary to our analysis.

## I.

On September 10, 1993, Billy Washington pleaded guilty to conspiracy to distribute cocaine and marijuana, and on October 27, 1994, he was sentenced to 100 months imprisonment, and six years (72 months) of supervised release. While on supervised release, Washington violated the conditions of his release, and on November 23, 2004, the District Court, following a hearing, revoked Washington's supervised release, and ordered Washington to serve nine months of imprisonment, to be followed by 63 months of supervised release.

## II.

This is a timely appeal from a sentencing order, over which this Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Our review of the District Court's interpretation of a provision of law is plenary. *Gibbs v. Cross*, 160 F.3d 962, 964 (3d Cir. 1998).

III.

Washington argues that the 63 months of supervised release cannot be validly imposed on him because, he contends, the statutory amendment authorizing the imposition of the additional supervised release time was enacted subsequent to his commission of the criminal conduct for which he was sentenced.

Washington is wrong. The statute as it stood at the time he sold the cocaine fully authorized the additional release time imposed on him. The Supreme Court addressed precisely this legal question, in precisely this factual context, in *Johnson v. United States*, 529 U.S. 694 (2000). *Johnson* is dispositive here: the subsequent amendment,[1] and thus the Ex Post Facto Clause of the United States Constitution, Art. I, § 9, are not implicated.

As the Supreme Court explained in *Johnson*, because supervised release is imposed pursuant to sentencing power deriving from the original conviction, 529 U.S. at 701, statutory authority to impose supervised release must be found in the sentencing statute as it stood at the time of the offense. This case, therefore, as did *Johnson*, "turns ... on whether § 3583(e)(3) permitted imposition of supervised release following recommitment" at the time of the defendant's criminal conduct. *Id*. at 702-03. The

---

[1]Section 3583(h) was added to Title 18 in 1994, providing explicitly that "when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."

3

relevant language was the same at the time of Washington's criminal conduct as it was at the time of Johnson's, namely, that the District Court was authorized to

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision.

*Id*. at 697 (quoting 18 U.S.C. § 3583(e)(3) (1988 ed., Supp. V)). The Court in *Johnson* analyzed this language at some length, and concluded that for the entire duration of his original sentence, the District Court retained the power to impose on Johnson either prison time or supervised release. *Id*. at 713. The subsequent amendments to § 3583 only made explicit the power that sentencing courts already had by virtue of the pre-amendment language of §§ 3583(e) and (a). *Id*. at 708 ("There is no reason to think that under [the pre-amendment] regime the court would lack the power to impose a subsequent term of supervised release in accordance with its general sentencing authority under 18 U.S.C. § 3583(a). This section provides that '[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment....'").

## IV.

In short, under the law as it stood at the time Washington committed his offense, the District Court had the power *both* to revoke his supervised release and send him back to prison upon violation of the terms of that release, *and* to impose an additional period of

supervised release to follow that second term of incarceration. Within the temporal confines of the original sentence (in this case 172 months)[2] the District Court had the power to impose upon Washington either imprisonment or supervised release, depending on Washington's conduct. In this case, Washington served 109 months in prison. Under *Johnson*, therefore, the District Court had authority to order an additional 63 months of supervised release, as it did. There is neither illegality nor the specter of ex post facto punishment in the District Court's treatment of Washington. Accordingly we will affirm the sentencing order of the District Court.

---

[2]Under § 3583(e)(3), incarceration imposed as a consequence of violation of release conditions is to be served "without credit for time previously served on postrelease supervision." Thus Washington is not entitled to credit for the period of supervised release served between his initial release from prison and his re-incarceration.