**UNITED STATES OF AMERICA**

**v.**

**EDWARD ROSARIO POLANCO, Appellant**

No. 06-1328

United States Court of Appeals for the Third Circuit

June 12, 2006

ANTHONY J. JENKINS, ESQUIRE, United States Attorney, NELSON L. JONES, ESQUIRE, Assistant U.S. Attorney, Charlotte Amalie, St. Thomas, U.S. Virgin Islands, *Attorney for Appellee.*

GEORGE H. HODGE, JR., ESQUIRE, Charlotte Amalie, St. Thomas U.S. Virgin Islands, *Attorney for Appellant.*

FISHER, COWEN and ROTH,* *Circuit Judges*

---

\* Effective May 31, 2006 Judge Roth assumed senior status.

## OPINION

### (June 12, 2006)

On February 17, 2004, Edwardo Rosario Polanco[1] entered St. Thomas, USVI, while en route to the Dominican Republic from the Netherlands Antilles. United States Immigration and Customs Enforcement found Polanco to be in possession of three compact discs and a computer hard drive containing child pornography and arrested Polanco. Polanco was charged with knowingly transporting in interstate and foreign commerce visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(1)(B) and 2252A(a)(1).[2] [3]n3

Polanco filed a motion to dismiss for lack of jurisdiction. The District Court of the Virgin Islands denied the motion. Polanco then entered into a plea agreement that reserved his right to challenge jurisdiction on appeal. Polanco was sentenced to five years imprisonment, five years supervised release, and a $ 300 special assessment.

The District Court of the Virgin Islands had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612. We have appellate jurisdiction under 28 U.S.C. § 1291, and undertake a plenary review of the District Court's interpretation of a provision of law. *Gibbs v. Cross*, 160 F.3d 962, 964 (3d Cir. 1998).

Polanco argues that his activities do not fall within the ambit of §§ 2252(a)(1)(B) and 2252A(a)(1) because these statutory provisions do not apply to the Virgin Islands. He bases this claim on the comparative phrasing of different sections of the Child Pornography Prevention Act

---

[1]  Appellant's first name is variously given as Edwardo and Edward in the parties' briefs.

[2]  18 U.S.C. § 2252(a)(1) provides:

(a)  Any person who—

(1)  knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if—

(A)  the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B)  such visual depiction is of such conduct ...

shall be punished as provided in subsection (b) of this section.

[3]  18 U.S.C. § 2252A(a)(1) provides:

(a)  Any person who—

(1)  knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography ...

shall be punished as provided in subsection (b).

763

of 1996, 18 U.S.C. § 2251 *et seq.* Specifically, Polanco claims that, when Congress wanted provisions of the Act to apply to territories such as the Virgin Islands, it used specific language to so indicate. For example, various provisions of the Act apply to: "interstate or foreign commerce, or in any Territory or Possession of the United States," 18 U.S.C. § 2251(a); "interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States," 18 U.S.C. § 2422(b); or "interstate or foreign commerce, or in any commonwealth, territory or possession of the United States," 18 U.S.C. § 2423(a).

The specific inclusion of territorial jurisdiction in these provisions contrasts with §§ 2252 and 2252A, which apply to only "interstate or foreign commerce." The inference, Polanco urges, is that "Possession or Territory" was deliberatively excluded from §§ 2252 and 2252A by Congress because it did not intend these sections to cover anything other than commerce between the states or foreign commerce.

■ Polanco's argument must be rejected for two reasons. First, even under Polanco's reading, he is subject to §§ 2252 and 2252A because he was engaged in foreign commerce. Polanco was traveling on a commercial flight from the Netherlands Antilles to the Dominican Republic via the Virgin Islands. On this basis alone, §§ 2252 and 2252A apply to Polanco. The Child Pornography Prevention Act makes very clear that the United States may not be used as a conduit for transporting child pornography between foreign nations.

■ Second, the term "interstate commerce" in §§ 2252 and 2252A also includes all United States territorial possessions. 18 U.S.C. § 10 defines "interstate commerce" to include commerce between territories and possessions, as well as States:

> The term "interstate commerce", as used in this title, includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

> The term "foreign commerce", as used in this title, includes commerce with a foreign country.

As the District Court correctly ruled, the plain wording of 18 U.S.C. § 10 controls. The Reviser's Notes to 18 U.S.C. § 10 state that "a narrower construction should be handled by express statutory exclusion in those

crimes which Congress intends to restrict to commerce within the continental United States." Reviser's Notes, Appendix to H.R. REP. NO. 80-304, at 2451 (1948).

In light of 18 U.S.C. § 10 and its legislative history, Polanco's argument cannot stand. *Inclusio unius est exclusio alterius* is a key canon in our interpretive arsenal, but we do not deploy it when it produces a patently absurd result or when there is a direct statutory provision on point. *Clinton v. City of New York*, 524 U.S. 417, 429, 118 S. Ct. 2091, 141 L. Ed. 2d 393 (1998). Here, Polanco is asking us to adopt a reading that suggests Congress intended to create child pornography havens in American Samoa, the District of Columbia, Guam, Guantanamo Bay, the National Parks and Monuments, Puerto Rico, the United States Minor Outlying Islands, and the United States Virgin Islands. As 18 U.S.C. § 10 indicates, Congress assuredly did not desire laxer child pornography laws for the Virgin Islands or other federal territories and commonwealths than for the States. "[T]he absurdity ... would be so monstrous, that all mankind would, without hesitation, unite in rejecting" it. *Sturges v. Crowninshield*, 17 U.S. (4 Wheat.) 122, 203, 4 L. Ed. 529 (1819) (Marshall, C.J.).

Accordingly, we will affirm the District Court's judgment in favor of the government.