

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2006

# USA v. Polanco

Precedential or Non-Precedential: Precedential

Docket No. 06-1328

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Polanco" (2006). *2006 Decisions.* Paper 796.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/796

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL OPINION**

UNITES STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1328

UNITED STATES OF AMERICA

v.

EDWARD ROSARIO POLANCO,
Appellant

On Appeal from the District Court of the Virgin Islands
(Division of St. Thomas and St. John)
No. 04-cr-00087
Chief Judge:   Honorable Raymond L. Finch

Submitted under Third Circuit LAR 34.1(a)
on May 12, 2006

BEFORE: FISHER, COWEN and ROTH*, <u>Circuit Judges</u>.

(Filed June 12, 2006)

Anthony J. Jenkins, Esquire
United States Attorney
Nelson L. Jones, Esquire
Assistant U.S. Attorney
Office of the U.S. Attorney
United States Courthouse
5500 Veterans Building, Suite 260
Charlotte Amalie, St. Thomas
U.S. Virgin Islands    00802-6924

    Attorney for Appellee

*Effective May 31, 2006 Judge Roth assumed senior status.

George H. Hodge, Jr., Esquire
P. O. Box 803
Charlotte Amalie, St. Thomas
U.S. Virgin Islands    00804

       Attorney for Appellant

---

**OPINION**

---

**ROTH**, <u>Circuit Judge</u>:

On February 17, 2004, Edwardo Rosario Polanco[1] entered St. Thomas, USVI, while en route to the Dominican Republic from the Netherlands Antilles. United States Immigration and Customs Enforcement found Polanco to be in possession of three compact discs and a computer hard drive containing child pornography and arrested Polanco. Polanco was charged with knowingly transporting in interstate and foreign commerce visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(1)(B)[2] and 2252A(a)(1).[3]

---

[1] Appellant's first name is variously given as Edwardo and Edward in the parties' briefs.

[2] 18 U.S.C. § 2252(a)(1) provides:

> (a) Any person who--
>> (1) knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if--
>>> (A) the producing of such visual

2

Polanco filed a motion to dismiss for lack of jurisdiction. The District Court of the Virgin Islands denied the motion. Polanco then entered into a plea agreement that reserved his right to challenge jurisdiction on appeal. Polanco was sentenced to five years imprisonment, five years supervised release, and a $300 special assessment.

The District Court of the Virgin Islands had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612. We have appellate jurisdiction under 28 U.S.C. § 1291, and undertake a plenary review of the District Court's interpretation of a provision of law. Gibbs v. Cross, 160 F.3d 962, 964 (3d Cir. 1998).

Polanco argues that his activities do not fall within the ambit of §§ 2252(a)(1)(B) and 2252A(a)(1) because these statutory provisions do not apply to the Virgin Islands. He bases this claim on the comparative phrasing of different sections of the Child Pornography Prevention Act of 1996, 18 U.S.C. § 2251 et seq. Specifically, Polanco claims that, when Congress wanted provisions of the Act to apply to territories such as the

---

depiction involves the use of a minor engaging in sexually explicit conduct; and
(B) such visual depiction is of such conduct . . .

shall be punished as provided in subsection (b) of this section.

[3]18 U.S.C. § 2252A(a)(1) provides:

(a) Any person who--
(1) knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography . . .

shall be punished as provided in subsection (b).

3

Virgin Islands, it used specific language to so indicate. For example, various provisions of the Act apply to: "interstate or foreign commerce, or in any Territory or Possession of the United States," 18 U.S.C. § 2251(a); "interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States," 18 U.S.C. § 2422(b); or "interstate or foreign commerce, or in any commonwealth, territory or possession of the United States," 18 U.S.C. § 2423(a).

The specific inclusion of territorial jurisdiction in these provisions contrasts with §§ 2252 and 2252A, which apply to only "interstate or foreign commerce." The inference, Polanco urges, is that "Possession or Territory" was deliberatively excluded from §§ 2252 and 2252A by Congress because it did not intend these sections to cover anything other than commerce between the states or foreign commerce.

Polanco's argument must be rejected for two reasons. First, even under Polanco's reading, he is subject to §§ 2252 and 2252A because he was engaged in foreign commerce. Polanco was traveling on a commercial flight from the Netherlands Antilles to the Dominican Republic via the Virgin Islands. On this basis alone, §§ 2252 and 2252A apply to Polanco. The Child Pornography Prevention Act makes very clear that the United States may not be used as a conduit for transporting child pornography between foreign nations.

Second, the term "interstate commerce" in §§ 2252 and 2252A also includes all United States territorial possessions. 18 U.S.C. § 10 defines "interstate commerce" to include commerce between territories and possessions, as well as States:

> The term "interstate commerce", as used in this title, includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.

> The term "foreign commerce", as used in this title, includes commerce with a foreign country.

4

As the District Court correctly ruled, the plain wording of 18 U.S.C. § 10 controls. The Reviser's Notes to 18 U.S.C. § 10 state that "a narrower construction should be handled by express statutory exclusion in those crimes which Congress intends to restrict to commerce within the continental United States." Reviser's Notes, Appendix to H.R. REP. NO. 80-304, at 2451 (1948).

In light of 18 U.S.C. § 10 and its legislative history, Polanco's argument cannot stand. *Inclusio unius est exclusio alterius* is a key canon in our interpretive arsenal, but we do not deploy it when it produces a patently absurd result or when there is a direct statutory provision on point. Clinton v. City of New York, 524 U.S. 417, 429 (U.S. 1998). Here, Polanco is asking us to adopt a reading that suggests Congress intended to create child pornography havens in American Samoa, the District of Columbia, Guam, Guantanamo Bay, the National Parks and Monuments, Puerto Rico, the United States Minor Outlying Islands, and the United States Virgin Islands. As 18 U.S.C. § 10 indicates, Congress assuredly did not desire laxer child pornography laws for the Virgin Islands or other federal territories and commonwealths than for the States. "[T]he absurdity . . . would be so monstrous, that all mankind would, without hesitation, unite in rejecting" it. Sturges v. Crowinshield, 17 U.S. (4 Wheat.) 122, 203 (1819) (Marshall, C.J.).

Accordingly, we will affirm the District Court's judgment in favor of the government.