

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2009

# Brown v. City of Phila

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2419

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Brown v. City of Phila" (2009). *2009 Decisions.* Paper 1340.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1340

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-2419

———————

ALEXANDER BROWN,

               Appellant

v.

CITY OF PHILADELPHIA; STATE OF PENNSYLVANIA; COMMISSIONER
SYLVESTER JOHNSON; OFFICER HECTOR RIVERA; C. YOUNG; SERGEANT
WANDA DADE; OFFICER PATTERSON; DETENTION OFFICER CHAMPION;
WHITE MALE SERGEANT AND BLACK MALE OFFICER, PLAINTIFF NAMES
DO NOT KNOW AT THIS TIME; SEPTA COP; SEPTA POLICE
SUPERINTENDENT; OFFICER CROSS; OFFICER BARONE; OFFICER JAVIOR
CURRY; POLICE IAD SQT. CHESTER O'NELLI; POLICE OFFICER GONZALEUS;
MALE BLACK NURSE AT 8TH RACE

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-07-cv-04971)
District Judge: Honorable Joel H. Slomsky

———————

Submitted Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
for Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 30, 2009

Before: SLOVITER, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 21, 2009)

———————

OPINION

———————

PER CURIAM

Appellant Alexander Brown seeks review of the District Court's order entered

May 1, 2008, denying him leave to proceed in forma pauperis, denying his pending

motions as moot, and statistically closing his case. For the following reasons, we will

affirm the District Court's order.

I.

In November 2007, Brown initiated a pro se civil action pursuant to 42 U.S.C.

§ 1983, against the City of Philadelphia and numerous public officials and institutions.[1]

He claimed violations of his constitutional rights arising from arrests by Philadelphia and

SEPTA police officers and his detention in the Philadelphia prison system. Brown

claimed he was in imminent danger of being seriously injured physically and

psychologically, because prison officials allegedly were engaging in "nefarious" acts of

"reprisals, retaliation, and retribution" against him in response to his efforts to pursue

---

[1] Brown filed a series of substantially similar cases in District Court at around the same time, which were consolidated before the Honorable Joel H. Slomsky; this case was not included in the consolidation because it was statistically closed. See E.D. Pa. Civ. Action Nos. 05-4160, 06-2496, 06-5408, 08-3369. In February 2009, Judge Slomsky issued a show cause order directing the parties in the consolidated cases to address whether: (1) Brown's cases should be dismissed as frivolous, malicious, or for failure to state a claim; (2) a pre-filing injunction should be issued to bar Brown from filing future civil actions absent permission of the court; (3) Brown should be permitted to proceed IFP; and (4) whether Brown is in imminent danger of serious physical injury. Judge Slomsky held a show cause hearing, and on April 15, 2009, entered an order denying all outstanding motions with prejudice, dismissing all claims with prejudice, statistically closing the matters, and enjoining Brown from filing further actions absent permission of the District Court. See Brown v. City of Phila., et al., 2009 WL 1011966 (E.D. Pa. April 14, 2009). Brown has appealed the order. See C.A. No. 09-2251.

civil litigation.  Among other things, Brown complained that, while housed in quarantine from November 2007 through February 2008, prison guards threatened his life, placed feces and urine in his cell, tampered with and contaminated his food, denied him heat and running water, and denied him medical treatment.  Brown also claimed that prison officials encouraged other inmates to attack and threaten him, and failed to adequately protect him from inmate violence.

Brown moved to proceed in forma pauperis ("IFP").  Generally, a prisoner may not be granted IFP status if, on three or more occasions, he brought an action that was dismissed as frivolous.  28 U.S.C. § 1915(g).  The District Court determined that Brown (also known as John Hooks) was subject to § 1915(g).  See Hooks v. Cropper, et al., Civ. A. No. 01-05902 (E.D. Pa.); Hooks v. Johnson, et al., Civ. A. No. 01-05901 (E.D. Pa.); Hooks v. City of Philadlephia et al., Civ. A. No. 98-01059 (E.D. Pa.); and Hooks v. City of Phila. Public Defender, Civ. A. No. 97-06900 (E.D. Pa.).  However, the "three strikes" rule does not apply if "the prisoner is under imminent danger of serious physical injury" at the time his complaint is filed.  28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).  Thus, Brown would be permitted to proceed IFP only if "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

The District Court concluded that Brown did not face "imminent danger of serious physical injury" for purposes of § 1915(g).  It held that Brown's placement in quarantine "effectively shielded him from 'serious physical injury,'" and that his inadequate medical treatment claims "merely allege[ ] that the medical staff declined to provide the type of

3

treatment he wants for pre-existing injuries." The District Court therefore entered an order denying the IFP motion, denying all other pending motions, and closing Brown's case statistically. Brown timely appealed.

## II.

We exercise plenary review over issues of statutory construction and interpretation. See Gibbs v. Roman, 116 F.3d 83, 85 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (en banc); Moody v. Security Pac. Bus. Credit, Inc., 971 F.2d 1056, 1063 (3d Cir. 1992).

A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible. See id.

We take judicial notice of the fact that Brown has demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions. Over the past decade, Brown has filed more than thirty other pro se civil actions in district court. See Brown v. City of Phila., et al., 2009 WL 1011966 at *3 (E.D. Pa. April 14, 2009) (listing numerous

4

previously-filed actions).  No court has yet found merit in any of Brown's allegations.

Brown has managed to evade the three strikes rule and continue to pursue filings by repeatedly invoking the imminent danger exception under § 1915(g).  We have reviewed the pleadings in this matter, as well as those filed in several of Brown's other actions, and have confirmed that they are all substantially similar, setting forth myriad vague, generalized, and unsupported claims.  Accordingly, we conclude that the District Court did not err in declining to credit Brown's current allegations, see Cross, 160 F.3d at 966-67, and will affirm the order dismissing Brown's complaint pursuant to § 1915(g).

III.

Brown has filed a motion seeking recusal of Judge Buckwalter.  We construe the motion as seeking relief in the nature of a writ of mandamus or prohibition pursuant to 28 U.S.C. § 1651.  Because the District Court action was reassigned to Judge Slomsky and Judge Buckwalter is no longer presiding over his case, Brown's request for mandamus relief is denied as moot.  Brown's motions seeking a protection order are denied.