ALD-146                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3714
_____

TORMU E. PRALL,

                                                    Appellant

v.

JOSEPH L. BOCCHINI, JR.; ARTHUR R. SYPEK, JR.; CHARLES ELLIS;
PHYLLIS OLIVER; MICHELLE R. RICCI; BRIAN M. HUGHES;
KELVIN S. GANGES; ANDREW A. MAIR; SARAH G. CROWLEY; J. MCCALL;
E. WILLIAMS; T. WILKIE; NURSE PETE S.; DR. ROBERT ROTH; DR.
GOORIAH; SOCIAL WORKER LYDIA; WILLIAM J. MOLEINS; CHRIS
HOLMES; JIMMY BARNES; JAMES DRUMM; RON WANGER; JAMES KEIL; LT.
ALAIMO; CRYSTAL RAUPP; MS. ISHMAEL; SHIRLEY STEPHENS; SGT.
NEWSOM; ORTIZ; JOHN DOE 1-25; JOHN MOES 1-10; JOHN ROES 1-99
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 10-cv-01228)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2011
Before:  SCIRICA, HARDIMAN, and VANASKIE, Circuit Judges

(Opinion filed : April 6, 2011)
_____

OPINION
_____

PER CURIAM

Tormu E. Prall appeals pro se from the order of the District Court denying him leave to proceed in forma pauperis ("IFP"). He also seeks leave to proceed IFP on appeal. Prall's motion to proceed IFP on appeal is granted, and we will vacate the District Court's judgment and remand for further proceedings.

Prall is a New Jersey prisoner with "three strikes" under the Prison Litigation Reform Act ("PLRA"). See 28 U.S.C. § 1915(g). Accordingly, he may not proceed with a civil action or appeal without pre-paying the filing fee unless he "is under imminent danger of serious physical injury." Id. The danger must be imminent at the time the complaint is filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

Prall filed the IFP motion at issue here along with a complaint in the District Court. His complaint is premised largely on his position that he is a "conscientious objector" to the New Jersey criminal justice system. As relevant here, however, Prall also alleges that he was housed in a cell with "blood and feces" on the floor and that his complaint about those conditions led "correction officers to slap, choke, punch, kick, club and threaten him." (Compl. ¶ 14.) He further alleges that "correction officers continue to physically and mentally abuse plaintiff in the same fashion until he renounces his conscientious beliefs." (Id. ¶ 15.)

Before the District Court ruled on Prall's IFP motion, he submitted an amended complaint. The amended complaint names the correctional officers whom he alleges continue to assault him and further alleges, among other things, that:

2

Prall is subjected to torture in MCU at least once a week. One of the methods defendant Newsom and unknown named defendants-corrections officers use is to choke Prall until he loses consciousness; slap Prall's face; and roughly stomp on Prall's toes and fingers with their boots. The other method is to spray mace in Prall's eyes, up his nose, down his throat, on his genitals, and to the surface of his rectum. Another method used is to poke Prall with needles, kick him with boots, beat him with fist to the body, and electrocute with devices that can burn holes in a rug and rupture the speakers in a television set. During the course of non-routine body searches, . . . [Prall] is threatened that defendant Newsom and defendants-correction officers will man-handled [sic] and sodomize him with sticks.

(Id. ¶ 76.)

By order entered August 16, 2010, the District Court denied Prall's motion to proceed IFP. In doing so, the District Court concluded that Prall had raised only "perfunctory and insufficient claims of 'imminent danger'" and that "his allegations are limited solely to a past incident which fails to allege serious physical injury." (Dist. Ct. Op. at 5-6.)

Prall appeals. We have jurisdiction under 28 U.S.C. § 1291 to review the denial of leave to proceed IFP, see Abdul-Akbar, 239 F.3d at 311, and we exercise plenary review over the District Court's interpretation of § 1915(g), see Gibbs v. Cross, 160 F.3d 962, 964 (3d Cir. 1998). We conclude that the District Court erred in denying Prall's IFP motion here.

Pro se allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants. See id. at 966; Gibbs v. Roman, 116 F.3d 83, 86 & n.6 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar, 239 F.3d at 312. This standard does not require district courts to accept "allegations that are

3

fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" Gibbs, 160 F.3d at 967 (quoting Denton v. Hernandez, 504 U.S. 25, 33 (1992)). The District Court did not conclude that Prall's allegations rise to that level, however, and we cannot say that they do. Instead, the District Court concluded that they were "insufficient" and related solely to a past incident. We express no opinion on the merits of Prall's allegations, but they plainly state a continuing danger of serious physical injury that was imminent at the time he filed his complaint.

The District Court also reviewed Prall's extensive history of litigation. The District Court's description of Prall as an "inexorable litigant" is apt, and we share its concerns. Nevertheless, the PLRA permits even litigious prisoners to proceed without pre-payment of the fee if they are under imminent danger of serious physical injury, and Prall has adequately alleged as much in this case. See Gibbs, 160 F.3d at 965. We further note that the majority of Prall's previous civil actions were habeas proceedings in which he challenged his criminal convictions. We are not aware of any civil action in which Prall has alleged abuse by correctional officers of the kind he alleges here. If he had a history of raising such allegations, our ruling may well have been different. As it is, however, Prall is eligible to proceed without pre-paying the filing fee.

Accordingly, we will vacate the judgment of the District Court and remand for it to grant Prall's motion for leave to proceed IFP if it determines that he has made a sufficient showing of indigence, see Gibbs v. Ryan, 160 F.3d 160, 161 n.1 (3d Cir. 1998), and thereafter to conduct such further proceedings as may be appropriate. We emphasize

4

that we express no opinion on the merits of Prall's claims and that his complaint remains subject to screening under 28 U.S.C. § 1915(e). See Gibbs, 160 F.3d at 967. Prall's motions to expedite this appeal and for other relief are denied.[1]

---

[1] As a prisoner, Prall is required to pay the filing fee for this appeal in installments. See 28 U.S.C. § 1915(b). The Clerk is directed to issue a separate order noting that Prall's IFP motion on appeal has been granted and directing the assessment and collection of fees in accordance with the statute.