

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2006

# USA v. Adams

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2108

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Adams" (2006). *2006 Decisions*. Paper 771.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/771

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 03-2108

UNITED STATES OF AMERICA

vs.

JACOB S. ADAMS, JR.,
Appellant

No.  03-2152

UNITED STATES OF AMERICA

vs.

CARLTON EWELL,
Appellant

On Appeal from Judgments and Sentences of the United States District Court
for the District of New Jersey
(Crim. No. 00-697)
District Judge: The Honorable Garrett E. Brown, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
May 7, 2004

Before: SLOVITER and FUENTES, Circuit Judges.
and POLLAK,* District Judge.

(Filed: July 10, 2006)

_____

*Honorable Louis H. Pollak, Senior District Judge for the United States District
Court of the Eastern District of Pennsylvania, sitting by designation.

1

_____

OPINION
_____

POLLAK, District Judge.

In these consolidated appeals, we are asked to review the convictions and sentences

of Carlton Ewell and Jacob S. Adams, co-defendants who were tried for a series of armed

bank robberies. A jury convicted Ewell of four counts of bank robbery, in violation of 18

U.S.C. § 2113, and four counts of using a firearm during the commission of a crime of

violence, in violation of 18 U.S.C. § 924(c). Adams, who participated in three of the four

bank robberies for which Ewell was convicted, was found guilty of three counts of bank

robbery, in violation of 18 U.S.C. § 2113, and three counts of using a firearm during the

commission of a crime of violence, in violation of 18 U.S.C. § 924(c).  The District Court

sentenced Ewell to 910 months incarceration, and Adams to 610 months incarceration.

On appeal, Ewell and Adams raise multiple claims of error. All but three of these

allege errors infecting the guilt phase of the trial. We had held this case C.A.V. pending

resolution of *United States v. Trala*, 386 F.3d 536 (3d Cir. 2004). For the reasons

expressed below, we find that  the District Court did not abuse its discretion or commit

plain error in admitting expert testimony based upon STR/PCR DNA testing.[1] Thus, we

_____

[1] Ewell and Adams also make the following contentions: Ewell contends that audiotapes
of his telephone conversations while in prison should not have been admitted into evidence, that
a mistrial and severance should have been granted after Adams testified about an uncharged
homicide, that a letter from Ewell which was sent to an accomplice should not have been
admitted into evidence, that a new trial should have been granted based on insufficiency of
evidence, and that the sentence imposed on Ewell constitutes cruel and unusual punishment; and

2

affirm the convictions of Ewell and Adams and, under our decision in *United States v. Davis*, 397 F.3d 173 (3d Cir. 2005), we remand the sentences for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005).

I.

Inasmuch as we write only for the parties, it is not necessary to recite the facts of this case in detail. Appellants' convictions were based, at least in part, on DNA evidence obtained from masks used at the crime scene, which linked appellants to the crime. Prior to trial, the District Court held a *Daubert* hearing on the admissibility of evidence obtained from STR/PCR DNA analysis that linked the masks to Ewell and Adams. The District Court decided to admit the evidence, and the central question on appeal is whether the District Court's decision constitutes an abuse of discretion. In particular, Ewell and Adams argue that the testimony regarding STR/PCR DNA analysis violated FED. R. EVID. 702[2]

---

Adams contends that the prosecutor improperly vouched for a government witness during summation, that two government witnesses improperly bolstered the testimony of another, that the prosecutor improperly questioned Adams about statements Adams made to police at the time of his arrest, that the District Judge inappropriately made a comment during a sidebar that was audible to the jury, that the District Court erred by sentencing Adams based on facts not found by a jury, and that the sentence imposed on Adams constitutes cruel and unusual punishment. Some of these contentions are not properly preserved for appeal, and the remainder clearly lack merit. We decline to address them at any length here.

[2] "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702.

because it is unreliable, and FED. R. EVID. 602[3] and the Confrontation Clause of the Sixth Amendment because it was provided by a witness who did not conduct the tests himself and who thus did not have personal knowledge of the matter about which he testified.

"We review the decision to admit or reject expert testimony under an abuse of discretion standard." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). However, because appellants failed to object to the District Court's alleged denial of their right to confrontation, we review their Confrontation Clause claim for plain error. *See United States v. Adams*, 252 F.3d 276, 283-85 (3d Cir. 2001).

Recently, in *United States v. Trala*, 386 F.3d 536 (3d Cir. 2004), this court had occasion to consider the reliability of STR/PCR DNA analysis. There, we held that "PCR/STR DNA typing ... does in fact meet the standards for reliability and admissibility set forth in *Federal Rule of Evidence 702* and *Daubert*." 386 F.3d at 541. As in *Trala*, the decision below "provides a thorough and compelling analysis of the court's rejection of [Ewell and Adams'] challenges to the DNA evidence." *Id.* at 542; *see United States v. Ewell*, 252 F. Supp. 2d 104 (D.N.J. 2003). We conclude that the District Court did not abuse its discretion in finding that the STR/PCR DNA testimony was sufficiently reliable.[4]

---

[3] "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses." FED. R. EVID. 602.

[4] Appellants argue that *Trala* is not dispositive of the issues raised in their briefs because it did not consider the particular challenges to STR/PCR DNA analysis that appellants advance here. These challenges, however, go to the *weight* to be attached to the evidence, and not to its

We also find appellants' Rule 602 challenge to be without merit. Rule 602 "is subject to the provisions of rule 703." FED. R. EVID. 602.  Rule 703 states that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing." FED. R. EVID. 703. In other words, it is perfectly acceptable for an expert witness to testify, as the government's witness did, to facts or data ascertained by persons other than the witness. Thus, the fact that the government's witness did not personally conduct the tests about which he testified is of no moment.  The District Court did not violate FED. R. EVID. 602.

Finally, we find that appellants were not denied their constitutional right to confrontation when the District Court permitted the government's expert witness to testify[5].  Appellants quote *Crawford v. Washington*, 541 U.S. 36, 38 (2004) in their supplemental brief as follows: "Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Appellants contend that, because the government's expert witness had no personal knowledge of the details of the testing that was performed on the masks, appellants were deprived of the opportunity to cross-examine "the actual witnesses against [them]: the DNA laboratory personnel who had actually performed (or

admissibility. Nothing in appellants' argument, then, establishes that *Trala* ought not to govern here.

[5] While we review this claim only for plain error, we find no error of any kind with respect to this claim, as explained in the text below, and the claim therefore would not give rise to relief under any standard of review.

possibly failed to perform) the tests." However, because appellants fail to show (or even argue) that they were somehow prevented from calling these "actual" witnesses themselves, their reliance on *Crawford* is untenable. Appellants were able to cross-examine the government's expert witness at trial, and if they wanted to question those who actually performed the tests on the masks, they should have called those individuals as witnesses. Nothing in appellants' brief suggests the District Court prevented them from doing so. We therefore find no violation of appellants' Sixth Amendment right to confrontation.

## II.

Adams challenges his sentence under *Blakely v. Washington*, 542 U.S. 296 (2004), and Ewell challenges his sentence under both *Blakely* and *United States v. Booker*, 543 U.S. 220 (2005). This court has determined that the sentencing issues appellants raise are best determined by the District Court in the first instance. *United States v. Davis*, 397 F.3d 173, 183 (3d Cir. 2005); *see also United States v. Ordaz*, 398 F.3d 236, 239 (3d Cir. 2005).

## III.

For the foregoing reasons, we will affirm appellants' judgments of conviction but vacate their sentences, remanding to the District Court for re-sentencing of both Ewell and Adams in accordance with *Booker*.