

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-2008

# USA v. Ewell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3025

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Ewell" (2008). *2008 Decisions.* Paper 555.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/555

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-3025

UNITED STATES OF AMERICA

v.

CARLTON EWELL,

Appellant

Case No: 07-3095

UNITED STATES OF AMERICA

v.

JACOB S. ADAMS, JR.,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court Nos. 00-CR-697-1; 00-CR-697-2
District Judge: The Honorable Garrett E. Brown, Jr.

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2008

Before: SCIRICA, *Chief Judge*, MCKEE, and SMITH, *Circuit Judges*

Filed: September 9, 2008

OPINION

SMITH, *Circuit Judge*.

Appellants Carlton Ewell ("Ewell") and Jacob Adams ("Adams"), along with an accomplice, robbed four banks between October of 1995 and October of 1996. On November 27, 2002, a jury found Ewell guilty of four counts of bank robbery, in violation of 18 U.S.C. § 2113, and four counts of use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). The jury found Adams guilty of three counts of the same two crimes. On April 7, 2003, the District Court sentenced Ewell to 910 months of incarceration and sentenced Adams to 610 months of incarceration. On July 10, 2006, this Court affirmed both convictions and remanded their cases to the District Court for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). On June 29, 2007, the District Court conducted a sentencing hearing and sentenced Ewell and Adams to the same terms of incarceration he had previously imposed. These timely appeals followed.[1]

On appeal, both Ewell and Adams argue that the District Court's imposition of the applicable statutory mandatory minimum sentence was unconstitutional because the much shorter sentence contemplated by the Sentencing Guidelines, absent the statutory minimum, was sufficient to meet the sentencing goals of 18 U.S.C. 3553(a).[2] Both

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court possesses jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

[2]We exercise plenary review over the District Court's interpretation of the law. *Gibbs v. Cross*, 160 F.3d 962, 964 (3d Cir. 1998).

Appellants concede that this Court has upheld the constitutionality of mandatory minimum sentences in *United States v. MacEwan*, 445 F.3d 237 (3d Cir. 2006), and *United States v. Walker*, 473 F.3d 71 (3d Cir. 2006). Nonetheless, they contend that this Court should reverse course because the underlying evidence the government submitted at trial to prove they used a gun during their bank robberies is suspect. Such an argument is immaterial to the purposes of sentencing and should have been raised as a sufficiency challenge to the Appellants' convictions. As such, our decisions in *MacEwan* and *Walker* foreclose this argument.

Ewell also argues that the District Court committed plain error by failing to consider evidence of his post-conviction rehabilitation. Pursuant to our decision in *United States v. Lloyd*, 469 F.3d 319 (3d Cir. 2006), district courts possess the authority to reject consideration of post-sentencing rehabilitation. Indeed, Ewell's attorney admitted as much at resentencing, noting that it was "permissible" for the District Court to choose to ignore Ewell's post-conviction rehabilitation. Given such an admission, the doctrine of invited error may very well foreclose Ewell from raising this claim on appeal. Regardless, Ewell's argument fails because the District Court's refusal to consider his post-conviction rehabilitation efforts was not error, plain or otherwise, given our decision in *Lloyd*.

Finally, Adams argues that the District Court committed plain error by sentencing him "to two 20 year consecutive sentences for [§] 924(c) violations, without having the

3

jury determine that the convictions in counts 4 and 8 constituted second or subsequent convictions." As the government notes, Adams' claim "is really that the fact of his first conviction under section 924(c)-i.e., a prior conviction-was used to enhance his sentence for his subsequent convictions under section 924(c)." In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that the fact of a prior conviction need not be submitted to a jury and established beyond a reasonable doubt. *Id.* at 490. Similarly, in *Deal v. United States*, 508 U.S. 129 (1993), the Court held that where a defendant is convicted of multiple section 924(c) violations at a single trial, the court should properly treat the first conviction as a prior conviction—and any other convictions as subsequent convictions—for purposes of sentencing. *Id.* at 137. In light of such authority, Adams' argument fails.

In sum, the District Court did not err in sentencing Appellants Ewell and Adams. Accordingly, we will affirm both judgments of the District Court.

4