**NOT PRECEDENTIAL**

ALD-267

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1708
_____

JACOB S. ADAMS, JR.,
                                    Appellant

v.

UNITED STATES OF AMERICA; WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:15-cv-08648)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 1, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: June 19, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jacob Adams, Jr., an inmate presently confined at the Federal Correctional Institute Fairton, appeals the dismissal of his pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. We will summarily affirm.

In 2002, Adams was convicted in the United States District Court for the District of New Jersey of three counts of bank robbery, in violation of 18 U.S.C. § 2113, and three counts of using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). Adams was sentenced to 610 months of incarceration. We affirmed Adams' conviction but remanded to the District Court for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Adams, 189 F. App'x 120 (3d Cir. 2006). The District Court imposed the same sentence upon resentencing, and we affirmed. United States v. Ewell, 320 F. App'x 118 (3d Cir. 2008). Adams filed a 28 U.S.C. § 2255 motion in the District Court raising claims of ineffective assistance of counsel and a violation of his Confrontation rights. The District Court denied Adams' motion, and we affirmed. Adams v. United States, 570 F. App'x 126 (3d Cir. 2014).

On December 14, 2015, Adams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of New Jersey, the district in which he is incarcerated. In his petition, Adams claimed that the District Court did not have jurisdiction to convict him because the indictment failed to charge a violation of § 2113(f), which defines the term "bank." The District Court dismissed the petition for lack of jurisdiction, concluding that Adams' could not resort to § 2241 via § 2255's "safety valve" provision.

See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Adams moved for reconsideration, but the District Court denied his motion. Adams appeals.[1]

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision to dismiss Adams' § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner can seek relief under § 2241 in the district of confinement only if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); see Dorsainvil, 119 F.3d at 249-51. We have applied this "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120. At all events, a § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements for a second or successive § 2255 motion, id., or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539.

---

[1] Adams filed his motion for reconsideration and notice of appeal in a timely fashion; therefore, we have jurisdiction to review both the denial of reconsideration and the underlying judgment. Fed. R. App. P. 4(a)(4)(A)(iv); Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

We agree with the District Court that Adams' claim does not fit within the narrow class of circumstances in which a § 2255 motion would be inadequate or ineffective to challenge his conviction. His claim does not rely on an intervening change in the law that has rendered the conduct for which he was convicted non-criminal. More fundamentally, Adams had the opportunity to raise his challenge regarding § 2113(f) on direct appeal and during his § 2255 proceedings, but he failed to do so. Although Adams contends that he may raise his claim at any time because it addresses the District Court's jurisdiction, we have rejected that argument. See Cradle, 290 F.3d at 538-39. Thus, at bottom, it is Adams' inability to meet the gatekeeping requirements of § 2255(h) that has prevented him from obtaining relief, not the inadequacy or ineffectiveness of the § 2255 remedy.

For the foregoing reasons, we conclude that the appeal presents no substantial question. Therefore, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.

4