DLD-279                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2578
_____

IN RE:  TORMU E. PRALL,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-10-cv-01228)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 1, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges

(Filed: September 21, 2011)
_____

OPINION
_____

PER CURIAM

Tormu E. Prall seeks a writ of mandamus directing the disqualification of a

District Judge and Magistrate Judge.  Delays in the District Court are some cause for

concern as discussed below, but we will deny the petition.

I.

Prall is a New Jersey prisoner with "three strikes" under the Prison Litigation

Reform Act, which means that he cannot proceed in forma pauperis ("IFP") unless he "is

under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In March 2010, he filed a motion for leave to proceed IFP in the District Court along with a complaint, which he later amended. Prall alleges that corrections officers torture him "at least once a week" in various specific ways. He also sought emergency injunctive relief to stop the alleged abuse.

In August 2010, the District Court deemed Prall's allegations of imminent danger insufficient and denied him leave to proceed IFP. Prall appealed. In April 2011, we held that Prall had adequately alleged an imminent danger of serious physical injury. See Prall v. Bocchini, 421 F. App'x 143, 145 (3d Cir. 2011). We expressed no opinion on the merits of those allegations, and we noted that Prall's complaint remains subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). See id. at 145-46. We remanded for the District Court to grant Prall's IFP motion if he showed indigence. See id. at 145. Our mandate issued on April 28, 2011.

The day before, Prall had filed in the District Court a motion to disqualify the District Judge and Magistrate Judge to whom his case was assigned. Prall also renewed his request for injunctive relief. On July 8, 2011, Prall notified the District Court that he intended to seek mandamus in this Court if it did not rule on his requests. Prall later filed the instant mandamus petition. The District Court has since denied Prall's disqualification motion.

2

II.

Neither Prall's disqualification motion nor his mandamus petition specifies the statute under which he seeks disqualification. We may review by mandamus District Judges' decisions not to disqualify themselves under 28 U.S.C. § 455(a). See In re Sch. Asbestos Litig., 977 F.2d 764, 775 (3d Cir. 1992). That statute requires disqualification from "any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Our review is for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004). We perceive no abuse of discretion here.[1]

In the District Court, Prall moved for disqualification primarily on the basis of arguments that he previously raised in filings in other cases and a disciplinary complaint, all of which he merely referenced without specifying what the arguments were. The District Judge nevertheless identified those arguments and concluded that they do not warrant disqualification under § 455(a), in large part because they are conclusory and do not state any basis to question her impartiality. For the reasons adequately explained by the District Judge, we agree.

---

[1] The District Court also addressed Prall's disqualification motion under 28 U.S.C. § 144, which requires disqualification when a judge "has a personal bias or prejudice" against or in favor of a party. Orders denying disqualification under § 144 generally are reviewable only on appeal from a final judgment, see In re Sch. Asbestos Litig., 977 F.2d at 775, but we note that Prall has asserted nothing in his mandamus petition suggesting actual bias under that statute.

3

In his mandamus petition, Prall limits his request for disqualification to two specific grounds. First, he argues that the District Judge's rulings against him in this and other cases reflect bias. That argument lacks merit. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Prall has alleged nothing about the prior rulings that might except them from this general principle. Cf. Haines v. Liggett Grp. Inc., 975 F.2d 81, 97-98 (3d Cir. 1992) (holding that District Court displayed appearance of partiality by stating in discovery ruling that defendant's industry "'may be the king of concealment and disinformation'") (citation omitted). And, although we vacated the District Court's denial of IFP status in this case, we perceive no suggestion of bias in that ruling. The District Court later stated that it had merely "mistakenly overlooked" Prall's relevant allegations (Docket No. 28 at 11), and Prall has asserted nothing calling that statement into question.

Second, Prall argues that disqualification is warranted by the District Court's delays in serving his IFP complaint and addressing his request for injunctive relief.[2] These delays are indeed cause for concern. We ruled on April 6, 2011, that Prall's allegations of ongoing beatings by corrections officers adequately alleged an imminent danger of serious physical injury and we remanded for further proceedings. To date,

_____

[2] Prall does not request a writ of mandamus directing the District Court to take those steps, but instead asserts its delays in doing so solely as grounds for disqualification.

4

however, the District Court has neither ruled on Prall's motion for injunctive relief nor taken any steps to implement this Court's mandate. This delay does not rise to the level of a due process violation, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but Prall's allegations of ongoing physical abuse would appear to warrant more expeditious treatment.

Nevertheless, Prall has alleged nothing suggesting that this delay gives rise to the appearance of bias or partiality. Matters of docket control generally are within the District Court's sound discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). We also recognize that Prall continues to be a difficult litigant whose numerous and often frivolous filings have made significant and often unwarranted demands on the District Court. If Prall truly desires an expeditious ruling on the merits of his claims, he would be well served not to continue to burden the judiciary's limited resources with unnecessary motions practice.

This is not to suggest that the District Court should treat lightly Prall's current allegations of ongoing abuse, and the District Court has given no indication that it will. To the contrary, the District Court twice notes in its recent opinion that it intends to rule separately on his request for injunctive relief. (Docket No. 28 at 1 n.1 & 5 n.3.) We see no reason not to take the court at its word, and we trust that it will address Prall's motion and otherwise comply with our mandate in due course.

5

For these reasons, we will deny Prall's mandamus petition. His motion for expedited consideration is granted, and his motion "for leave" regarding his prison account statement is denied as moot.