RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0064p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JEFFERY BRIAN WILLS,

*Defendant-Appellant*.

No. 20-6142

─────────────────

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 2:16-cr-00055-2—Robert Leon Jordan, District Judge.

Decided and Filed:  March 9, 2021[*]

Before:  DAUGHTREY, McKEAGUE, and THAPAR, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Brian Samuelson, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.  Jeffery Brian Wills, Manchester, Kentucky, pro se.

─────────────────

## ORDER

─────────────────

Jeffery Brian Wills, a federal prisoner proceeding pro se, appeals the district court's order denying his motion for sentence reduction filed under 18 U.S.C. § 3582(c)(1)(A).  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

─────────────────

[*]This decision was originally filed as a panel order on March 9, 2021.  The court has now designated the order for publication.

After a federal grand jury returned an indictment charging Wills with various methamphetamine-trafficking offenses, the government filed an information pursuant to 21 U.S.C. § 851(a)(1) giving notice of its intent to seek an enhanced sentence based on Wills's prior felony drug conviction. Wills entered into an agreement to plead guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. In April 2017, the district court sentenced Wills to the mandatory minimum sentence, 240 months of imprisonment, followed by ten years of supervised release. Wills did not appeal.

In September 2020, after exhausting his administrative remedies, Wills filed a motion for compassionate release or a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) on the basis of "extraordinary or compelling circumstances." Wills asserted that, if sentenced today, he would not be subject to the 20-year mandatory minimum sentence because his prior felony drug conviction would not qualify as a "serious drug felony" under section 401 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, and therefore would not trigger a sentence enhancement. Denying Wills's motion, the district court pointed out that section 401 does not apply retroactively and therefore declined to find that extraordinary and compelling reasons justified a sentence reduction.

We review a district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). An abuse of discretion occurs when the district court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (quoting *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007)).

Under 18 U.S.C. § 3582(c)(1)(A), the district court may reduce a defendant's sentence if it finds (1) that "extraordinary and compelling reasons warrant such a reduction"; (2) that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) that the sentencing factors under 18 U.S.C. § 3553(a), to the extent that they apply, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see Ruffin*, 978 F.3d at 1004–05. The statute does not define "extraordinary and compelling reasons," a task that is

instead delegated to the Sentencing Commission. *See* 28 U.S.C. § 994(t); *Ruffin*, 978 F.3d at 1004. The Sentencing Commission has done so in the commentary to USSG § 1B1.13. *See* USSG § 1B1.13 cmt. n.1. However, this court has held that USSG § 1B1.13 applies only to sentence-reduction motions brought by the Bureau of Prisons (BOP), not motions brought by defendants. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. 2020). When considering a defendant-filed motion for a sentence reduction, the district court has "full discretion" to determine whether extraordinary and compelling reasons exist without reference to USSG § 1B1.13. *Jones*, 980 F.3d at 1111; *see Elias*, 984 F.3d at 519.

Here, the district court construed Wills's motion for a sentence reduction as brought under the catch-all category set forth in the commentary to USSG § 1B1.13, *see* USSG § 1B1.13 cmt. n.1(D), and recognized a split of authority in the district courts as to whether that category may be used by the courts or only by the BOP. The district court declined to "wade into that dispute" because Wills's motion did not establish extraordinary and compelling reasons "in any event."

In order to establish an extraordinary and compelling reason warranting a sentence reduction, Wills argued that, if sentenced today, he would not face a 20-year mandatory minimum sentence. When Wills was sentenced in April 2017, the penalty provision for his drug offense stated: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." 21 U.S.C. § 841(b)(1)(A). Section 401 of the First Step Act amended that provision as follows: "If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years . . . ." Pub. L. No. 115-391, § 401(a)(2)(A)(i), 132 Stat. 5194, 5220. Section 401 also added the following definition of "serious drug felony" to 21 U.S.C. § 802:

> (57) The term 'serious drug felony' means an offense described in section 924(e)(2) of title 18, United States Code, for which—
>
> (A) the offender served a term of imprisonment of more than 12 months; and

(B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

*Id.* § 401(a)(1).

In his motion for a sentence reduction, Wills argued that, under section 401 of the First Step Act, he would not be subject to a 20-year mandatory minimum sentence because his prior felony drug conviction would not qualify as a "serious drug felony" and therefore would not trigger the sentence enhancement. But, as the district court pointed out, section 401 does not apply retroactively, applying only to defendants who had not yet been sentenced as of December 21, 2018, the date of the First Step Act's enactment. *Id.* § 401(c). The district court declined to circumvent Congress's expressed intent and found no extraordinary and compelling reasons to warrant a sentence reduction. "[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey v. United States*, 567 U.S. 260, 280 (2012). What the Supreme Court views as the "ordinary practice" cannot also be an "extraordinary and compelling reason" to deviate from that practice.[1]

Wills contends that other courts have found that the First Step Act's amendment of the sentence enhancement provisions constitutes an extraordinary and compelling reason to warrant a sentence reduction. But "[t]he mere fact that a defendant cites other cases in which courts determined certain defendants to be deserving of different sentences does not demonstrate abuse of discretion in the instant case." *United States v. Corp*, 668 F.3d 379, 393 (6th Cir. 2012). Wills has failed to show that the district court abused its discretion in denying his motion for a sentence reduction.

---

[1]Even if section 401 of the First Step Act applied retroactively, Wills's prior drug conviction would qualify as a "serious drug felony." The government's information notified Wills of its intent to seek an enhanced sentence based on his January 2012 conviction for delivery of a Schedule II controlled substance in violation of Tennessee law. The presentence report reflects that Wills received a three-year jail sentence for his conviction for delivery of a Schedule II controlled substance (Oxycodone) in January 2012 and was released in July 2013. Delivery of a Schedule II controlled substance is a Class C felony, subject to a term of imprisonment not less than three years nor more than fifteen years. Tenn. Code Ann. §§ 39-17-417(c)(2)(A), 40-35-111(b)(3). Wills thus was convicted of an offense under state law involving distribution of a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed and for which he served a term of imprisonment of more than 12 months and was released within 15 years of the commencement of the instant offense. *See* 18 U.S.C. § 924(e)(2)(A)(ii), 21 U.S.C. § 802(57).

Wills also argues on appeal that his 20-year mandatory minimum sentence should no longer apply and that he should face only a 15-year mandatory minimum sentence under section 401 of the First Step Act. *See* Pub. L. No. 115-391, § 401(a)(2)(A)(i), 132 Stat. 5194, 5220. Wills did not raise this argument in his motion for a sentence reduction. Regardless, this argument fails for the same reason that his argument about the sentence enhancement fails: section 401 does not apply retroactively. *Id.* § 401(c).

For these reasons, we **AFFIRM** the district court's order denying Wills's motion for a sentence reduction.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk