**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3563
_____

UNITED STATES OF AMERICA

v.

EVENS CLAUDE,
a/k/a E.;
a/k/a Shawn Miranda,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-12-cr-00033-001)
District Judge: Hon. Jan E. DuBois

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 23, 2021

(Filed October 27, 2021)

Before:  JORDAN, PORTER, and RENDELL, *Circuit
Judges*.

Matthew M. Robinson
Robinson & Brandt
629 Main Street
Suite B
Covington, KY 41011

Counsel for Appellant

Jennifer Arbittier Williams
Robert A. Zauzmer
Andrea G. Foulkes
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

Counsel for Appellee
_____

OPINION OF THE COURT
_____

RENDELL, *Circuit Judge*.

In this appeal we must decide whether a defendant may, in the absence of a government motion, obtain compassionate release based solely on his post-sentencing substantial assistance in investigating or prosecuting another person. We hold that a defendant may not. While Congress, in passing the First Step Act, altered, among other things, the procedure for obtaining compassionate release, it left Federal Rule of Criminal Procedure 35(b), which governs reductions in sentences for such substantial assistance, unchanged. Thus, as it was before the First Step Act, a district court may reduce a

defendant's sentence based upon the defendant's post-sentencing substantial assistance only upon a government motion.

Evens Claude filed a motion for compassionate release seeking a reduction in his sentence to time served based on his having allegedly provided post-sentencing substantial assistance in the Government's pursuit of a drug and child pornography prosecution. Although Claude characterized his motion as a motion for compassionate release, the District Court concluded that because his motion centered on his purported substantial assistance to the Government, Claude was not eligible for relief unless the Government moved, under Federal Rule of Criminal Procedure 35(b), for a reduction on Claude's behalf. As we agree, we will affirm the order of the District Court.

I.

A jury found Claude guilty on two counts of bank fraud, six counts of access device fraud, eight counts of aggravated identity theft, and various currency offenses. On August 29, 2014, he was sentenced to, among other things, 232 months' imprisonment.

In 2020, Claude filed six motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), but this appeal involves only his sixth motion. In his sixth motion, he argued that the District Court should reduce his sentence to time served given certain "extraordinary and compelling circumstances" arising from his purported "substantial assistance to the D.E.A. of New Jersey." Suppl. App. 9.

3

Claude alleged that, four years earlier, he provided crucial assistance, which allowed the Government to "bust[] someone with multiple kilos of cocaine" and "locat[e] a cell phone that was part of a child pornography indictment." Suppl. App. 9. Despite his alleged substantial assistance, however, the Government did not file a Fed. R. Crim. P. 35(b) motion on his behalf. Instead, the Government filed a Rule 35(b) motion on behalf of another prisoner who, Claude insists, "provid[ed] absolutely nothing" to the Government. Suppl. App. 9. Thus, he argued that "someone else . . . reap[ed] the benefits" of his efforts. Suppl. App. 9. As the Government's Rule 35(b) motion to reduce the sentence of this other person was granted, what resulted, Claude argued, was a "gross disparity" between his sentence and that of the purportedly undeserving cooperator. Suppl. App. 9.

In response, the Government argued that Claude's motion was inappropriate because only the Government is empowered to move for a reduction in Claude's sentence based on post-sentencing substantial assistance. Nothing in the "compassionate release statute . . . override[s] this long-standing criminal procedural rule." Suppl. App. 32. As the Government did not file such a motion on Claude's behalf, Claude's motion was fatally flawed.

Beyond this threshold problem, the Government also noted that, contrary to Claude's characterizations, his purported assistance was neither substantial nor welcomed in the first instance. The Government explained that Claude and his family members frequently contacted the Government seeking opportunities to cooperate in the hopes that he might obtain a reduced sentence. However, the Government uniformly rejected Claude's overtures because any assistance

4

he could have provided would very likely have been of little use given his "many years of fraud, manipulation, double-dealing, and false statements to the government and the Court." Suppl. App. 29. And, in any event, Claude did not provide any helpful assistance. It was not Claude but another cooperator who initiated the investigation for which Claude takes credit.

Ultimately, the District Court denied Claude's motion. Agreeing with the Government, the District Court explained that a "'[r]eduction of sentence for post-sentencing cooperation requires a Rule 35 motion from the government' and therefore cannot be raised by a defendant through a motion for compassionate release under § 3582(c)(1)(A)." Suppl. App. 5 (quoting Suppl. App. 32). Although Claude "d[id] not seek relief under Rule 35" the District Court noted, "his Motion [was] based on the proposition that substantial assistance may constitute an extraordinary and compelling reason for a sentence reduction." Suppl. App. 5. In effect, Claude, "under the guise of a motion for compassionate release," unilaterally and impermissibly sought a reduction in sentence for his purported substantial assistance, which would have been available only upon motion made by the Government on his behalf under Rule 35. Suppl. App. 6.

In support of its conclusion, the District Court noted that while Congress, through the First Step Act, made substantial changes to the procedures applicable to motions for compassionate release based on extraordinary and compelling reasons, Congress made no changes to Rule 35, which governs reductions in sentence based on substantial assistance. Thus, the District Court concluded that the First Step Act left undisturbed the rule "that only the government may file a motion seeking a sentence reduction for substantial

5

assistance." Suppl. App. 6. Still, the District Court recognized that courts "may consider a defendant's substantial assistance insofar as it is a relevant factor in each step of the compassionate release framework." Suppl. App. 6. However, "substantial assistance is not itself an extraordinary and compelling reason warranting compassionate release under § 3582(c)(1)(A)(i)." Suppl. App. 6 (citations omitted). Because Claude's motion for compassionate release was grounded in his purported substantial assistance, the District Court concluded that he failed to present extraordinary and compelling reasons to justify his release.

Claude timely appealed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. "We [] review a district court's decision to deny a compassionate-release motion for abuse of discretion." United States v. Andrews, 12 F.4th 255 (3d Cir. 2021) (citing United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020)). "However, . . . we exercise plenary review [when] we are presented with legal questions[.]" United States v. Birt, 966 F.3d 257, 259 n.2 (3d Cir. 2020) (alterations in original) (quoting United States v. Thompson, 825 F.3d 198, 203 (3d Cir. 2016)). As we are presented with a legal question in this case, our review is plenary.

## III.

18 U.S.C. § 3582(c) permits a sentencing court to modify a term of imprisonment once imposed in various circumstances. Section 3582 provides:

(c)     The court may not modify a term of imprisonment once it has been imposed except that—

(1)     in any case—

(A)     the court, <u>upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,</u> may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) . . . if it finds that—

(i)     extraordinary and compelling reasons warrant such a reduction; [and] . . .

(B)     the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by

7

> statute or by Rule 35 of the Federal
> Rules of Criminal Procedure . . . .

18 U.S.C. § 3582 (2018) (emphasis added).  The emphasized portion of this language was added by Congress when it passed the First Step Act.  The remainder of the quoted language, including § 3582(c)(1)(B), was left unchanged.  18 U.S.C. § 3582 (2002), amended by First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.  In sum, with the passage of the First Step Act, Congress changed the procedure relating to motions for compassionate release to permit a defendant to file a motion for compassionate release directly with the district court based on extraordinary and compelling reasons after exhausting his administrative process with the warden of the defendant's facility.  18 U.S.C. § 3582.  Congress, however, did not similarly change the procedure around motions for a reduction in sentence for substantial assistance under Fed. R. Crim. P. 35(b), which Congress itself first introduced when it passed the Sentencing Reform Act of 1984.  Pub. L. No. 98–473, § 215(b), 98 Stat. 1837 (1984).

Under Fed. R. Crim. P. 35(b), the court may, "[u]pon the government's motion" reduce a defendant's sentence based on the defendant's post-sentencing "substantial assistance in investigating or prosecuting another person."  Fed. R. Crim. P. 35(b)(1); see also Fed. R. Crim. P. 35(b)(2) (setting forth the standard applicable to government motions to reduce a sentence based on substantial assistance if the motion is filed more than one year after sentencing).  Rule 35 does not permit a defendant to move unilaterally for a reduction in sentence based on his substantial assistance.  Indeed, the Government's decision whether to file such motions based on substantial assistance is generally unreviewable "subject to constitutional

8

limitations that district courts can enforce." Wade v. United States, 504 U.S. 181, 185 (1992) (addressing government substantial assistance motions under analogous provisions in 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1).

As Congress chose, in passing the First Step Act, to change the procedure relating to motions for compassionate release but chose not to change the procedure around motions for a reduction in sentence based on substantial assistance, we must give effect to and "respect that choice." 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 260 (2009).

Here, the District Court properly gave effect to Congress's choice when it recognized that Claude could not satisfy the "extraordinary and compelling reasons" standard based solely on his purported substantial assistance to the Government. Suppl. App. 6. We discern no error in the District Court's analysis. To permit a defendant to move unilaterally for "compassionate release" based on his own perceived substantial assistance would contravene Congress's expressed intent as embodied in Rule 35 that the Government, subject to constitutional limitations, decides whether to move for a reduction in sentence based on such assistance. The decision to move for a reduction in sentence based on a defendant's post-sentencing substantial assistance is reserved to the Government alone. Thus, a defendant may not move for a reduction in sentence based on his perceived substantial assistance merely by labeling what would otherwise be a Rule 35 motion, a motion for compassionate release.

Our holding should not be interpreted to prohibit the consideration of substantial assistance by courts engaged in the compassionate release analysis. Rather, as the District Court

9

aptly noted, substantial assistance can be "a relevant factor." Suppl. App. 6. It simply cannot be the only basis for a defendant's claim that extraordinary and compelling reasons support his motion for compassionate release.

## IV.

For these reasons, we will affirm the District Court's order denying Claude's sixth motion for compassionate release.