NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-3044
_____

UNITED STATES OF AMERICA

v.

CHARLIE RIVERA,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-13-cr-00128-001)
District Judge:  Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2022
Before:  RESTREPO, PHIPPS and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 28, 2022 )
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Charlie Rivera appeals from an order of the District Court

denying his motion for a sentence modification pursuant to 18 U.S.C. § 3582(c).  For the

reasons discussed below, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

In 2015, Rivera pled guilty to a drug charge. In 2016, he was classified as a career offender under the Sentencing Guidelines as a result of two prior state-court convictions, and he was sentenced to a below-Guidelines sentence of 120 months in prison. He did not appeal.

In January 2021, he filed a pro se motion for compassionate release in light of the COVID-19 pandemic. See generally 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction"). The District Court denied the motion, reasoning that even if the Court assumed that the alleged circumstances related to COVID-19 were extraordinary and compelling, the Court would nonetheless deny the motion because the sentencing factors set forth in 18 U.S.C. § 3553(a) did not support a reduction to Rivera's term of imprisonment.

Seven months later, Rivera filed the motion which gave rise to this appeal, in which he sought a sentence reduction based on an argument that one of his prior state-court convictions that contributed to his classification as a career offender would no longer qualify as a "controlled substance offense" under the Guidelines and, therefore, he would not be considered a career offender for sentencing purposes if he were sentenced at the time of his motion. This motion was also filed under the rubric of "compassionate release." He requested a resentencing proceeding. The District Court denied the motion,

constitute binding precedent.

concluding that regardless of the alleged post-sentencing change in law, Rivera was correctly classified as a career offender when he was sentenced and, therefore, had failed to establish extraordinary and compelling reasons to warrant the reduction. In any event, the Court again held that the § 3553(a) factors did not support a sentence reduction, and the Court incorporated the reasoning from its order denying Rivera's earlier compassionate-release motion.

Rivera appealed the denial of his second motion. The matter is fully briefed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review a district court's decision to deny a compassionate-release motion for abuse of discretion." United States v. Claude, 16 F.4th 422, 425 (3d Cir. 2021) (alteration, quotation marks omitted). Specifically, we review for abuse of discretion the District Court's determination that the sentencing factors under Section 3553(a) do not weigh in favor of a sentence modification under § 3582(c). See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted).

III.

A district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In 2018, the Controlled Substances Act was amended to exclude hemp from the definition of marijuana. See Pub. L. No. 115-334, § 12619, 132 Stat. 4490, 5018 (2018); compare 21 U.S.C. § 802(16) (2017), with 21 U.S.C. § 802(16)(B)(i) (2018).

Rivera, who was sentenced in 2016, argued in his motion for a sentence reduction that his prior Pennsylvania conviction under 35 Pa. Cons. Stat. § 780-113(a)(30) for possession with intent to distribute a controlled substance no longer categorically qualifies as a predicate offense for a career-offender designation under the Sentencing Guidelines because § 780-113(a)(30) does not exclude hemp from the definition of marijuana. However, we agree with the District Court that, even assuming that the law changed in Rivera's favor,[1] this does not constitute an extraordinary and compelling reason to warrant a sentence reduction. See United States v. Andrews, 12 F.4th 255, 260 (3d Cir. 2021) (noting that under Supreme Court precedent, the "ordinary practice" in federal sentencing is to withhold new sentencing changes from defendants already sentenced, and that a practice considered "ordinary" by the Supreme Court cannot

---

[1] We express no opinion on the issue, currently before the Court in United States v. Lewis, C.A. No. 21-2621, whether a state conviction counts as a predicate offense under U.S.S.G. § 4B1.2(b) regardless of whether the state's definition of the "controlled substance" fits within the federal definition of that term under the Controlled Substances

simultaneously be an "extraordinary and compelling" reason for deviating from the standard practice) (citing Dorsey v. United States, 567 U.S. 260, 280 (2012), and United States v. Wills, 997 F.3d 685, 688 (6th Cir. 2021).[2]

Furthermore, before modifying a sentence, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

We cannot say that the District Court committed a clear error of judgment in concluding that a number of the § 3553(a) factors—including Rivera's criminal history, the need to reflect the seriousness of the offense and to protect the public, and the fact that he was arrested for this offense while police officers were actively searching for him for failing to report for a prison sentence related to other drug-trafficking offenses— precluded granting compassionate release here. Moreover, the District Court reasonably determined that the fact that Rivera had just under seven years remaining on his ten-year

_____

Act.
[2] Rivera argues also that § 780-113(a)(30) does not qualify as a predicate offense for a career-offender designation because, he asserts, it is an inchoate crime. However, we

sentence weighed against reducing the requested modification.  See, e.g., Pawlowski, 967

F.3d at 330-31.

      Accordingly, we will affirm the judgment of the District Court.

---

recently rejected this argument.  See United States v. Dawson, 32 F.4th 254, 259-60 (3d
Cir. 2022).