NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2345

_____

UNITED STATES OF AMERICA,

Appellant

v.

FRANCISCO HERRERA-GENAO,
a/k/a Fongi

_____

Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 3-07-cr-00454-002)
District Judge:  Honorable Anne E. Thompson

_____

Submitted under Third Circuit LAR 34.1(a)
on October 20, 2022

Before: GREENAWAY, JR., MATEY and ROTH, <u>Circuit Judges</u>

(Opinion filed: April 3, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Twelve years after the District Court of New Jersey sentenced Francisco Herrera-Genao to 117 years in prison for a series of violent armed bank robberies, the same court granted in part his motion for compassionate release, reducing his term of incarceration to 22 years. The court's decision hinged on its conclusion that the 2018 First Step Act, in which Congress non-retroactively reduced mandatory sentencing minimums, constituted an "extraordinary and compelling reason" for release. On the government's appeal, the parties concede that this conclusion was in error. Because we agree, and because Herrera-Genao failed to meet his burden to show that the error was harmless, we will vacate the judgment of sentence and remand for resentencing.

## I.      Factual and Procedural Background[1]

A jury convicted Herrera-Genao of eleven counts related to his participation in a series of violent armed bank robberies.[2] On May 11, 2009, the District Court sentenced Herrera-Genao to a total of 1407 months' imprisonment, or approximately 117 years.[3] We

---

[1]  Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary to resolve this case.

[2] Herrera-Genao was convicted of one count of conspiring to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951; four counts of armed robbery in violation of 18 U.S.C. § 2113(a); five counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); and one count of attempting to commit armed robbery in violation of 18 U.S.C. § 2113(a).

[3] Specifically, Herrera-Genao was sentenced to 87 months on each conspiracy and armed robbery count, to run concurrently; 120 months on the first § 924(c) count, to run consecutively; and 300 months—or 25 years, the then-applicable mandatory minimum—on each of the remaining § 924(c) counts, to run consecutively.

2

affirmed the judgments of conviction and sentence.[4]  In June 2020, Herrera-Genao filed a pro se application for compassionate release with the Bureau of Prisons (BOP).  When it was denied, Herrera-Genao filed a pro se motion for compassionate release under the First Step Act.[5]  The District Court granted Herrera-Genao's motion in part, reducing his sentence to 264 months, or 22 years—two decades below the 42-year sentence mandated under current guidelines.[6]  The government appealed.

## II.    Discussion

The District Court had subject-matter jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(1)(A).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the District Court's interpretation of statutes and policy statements,[7] but review its grant of compassionate release for abuse of discretion.[8]  Under the latter standard, we will not disturb the District Court's determination unless we are left with "a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached."[9]

---

[4] *United States v. Herrera-Genao*, 419 F. App'x 288 (3d Cir. 2011).  Herrera-Genao later moved to vacate his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel.  The District Court denied that motion, and we affirmed.  *See Herrera-Genao v. United States*, 641 F. App'x 190 (3d Cir. 2016).

[5] The First Step Act created an avenue for prisoners to file their own motions for compassionate release in federal court, rather than requiring all such motions to be made by the Director of the Bureau of Prisons.  *See* First Step Act, § 603(b); *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021).

[6] Op. 12–13, 18–19.  As the government notes, the BOP projects that Herrera-Genao's amended sentence will result in his release in January 2026.

[7] *Andrews*, 12 F.4th at 259 (citing *Gibbs v. Cross*, 160 F.3d 962, 964 (3d Cir. 1998)).

[8] *Id.* (citing *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020)).

[9] *Pawlowski*, 967 F.3d at 330 (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

To grant compassionate release, a court must first determine whether the movant has presented "extraordinary and compelling" grounds on which to reduce the sentence.[10] Next, the court must consider the reduced sentence in light of the seven factors set forth in 18 U.S.C. § 3553(a).[11] Here, the District Court identified three "extraordinary and compelling" grounds for release, which it considered "cumulatively"[12]: (1) the elimination of the sentence "stacking" requirement under the First Step Act's 2018 amendment to 18 U.S.C. § 924(c), (2) Herrera-Genao's age—22 years—at the time of the offenses, and (3) Herrera-Genao's subsequent rehabilitation.[13] The District Court then found that the § 3553(a) factors weighed in favor of reducing his sentence, concluding that Herrera-Genao's "draconian" sentence "is far longer than necessary to foster respect for the law, punish Defendant's offenses, and deter criminal conduct."[14]

The government correctly asserts—and Herrera-Genao concedes—that the District Court erred in finding the First Step Act's non-retroactive amendments could constitute an extraordinary and compelling ground for release. As we discussed at length in *Andrews*, "[t]he nonretroactive changes to the § 924(c) mandatory minimums . . . cannot be a basis for compassionate release."[15] Congress specifically decided not to apply this

---

[10] *Id.* at 329; 18 U.S.C. § 3582(c)(1)(A)(i)

[11] *Pawlowski*, 967 F.3d at 330 (quoting § 3553(a)(1); § 3553(a)(2)(A)–(B)) (explaining factors include "the history and characteristics of the defendant, and the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] . . . to afford adequate deterrence to criminal conduct").

[12] Op. 11.

[13] Op. 11, 13, 15.

[14] Op. 17.

[15] *Andrews*, 12 F.4th at 261; *see* First Step Act § 403(b).

change to individuals who, like Herrera-Genao, were sentenced under the previous version of the statute.[16] We further observe that this approach follows the "ordinary practice" in federal sentencing of "apply[ing] new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced."[17]

Herrera-Genao argues that the District Court's error was harmless because the court's conclusions regarding his rehabilitation and age established sufficiently extraordinary and compelling grounds. We are not persuaded.[18] "For the error to be harmless, it must be clear that the error did not affect the district court's selection of the sentence imposed."[19] Here, the District Court explicitly states that the three grounds were considered "cumulatively" rather than "in isolation,"[20] and thus "[t]aken together" in its analysis,[21] making it impossible to determine whether the District Court would have ruled the same way absent the invalid ground. Even if the District Court had independently

---

[16] First Step Act, § 403(b) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). *See United States v. Hodge*, 948 F.3d 160, 162 (3d Cir. 2020) ("[T]he new § 924(c) mandatory minimum does not apply to defendants initially sentenced before the First Step Act's enactment.").

[17] *Andrews*, 12 F.4th at 261 (citing *Dorsey v. United States*, 567 U.S. 260, 280 (2012)); *United States v. Wills*, 997 F.3d 685, 688 (6th Cir. 2021) ("What the Supreme Court views as the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice.").

[18] *See United States v. Raia*, 993 F.3d 185, 195 (3d Cir. 2021) ("The proponent of maintaining the sentence . . . has the burden of persuading a court on appeal that the district court would have imposed the same sentence.").

[19] *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008) (citing *Williams v. United States*, 503 U.S. 193, 203 (1992)).

[20] Op. 11, 13.

[21] Op. 16.

5

analyzed these factors, we have previously observed that "age and rehabilitation . . . by themselves [are] insufficiently compelling to warrant a reduced sentence."[22] Moreover, Congress has made clear that "rehabilitation . . . alone shall not be considered an extraordinary and compelling reason" for a sentence reduction."[23]

The government also contends that the District Court abused its discretion by reducing Herrera-Genao's sentence to twenty years less than the mandatory sentence that would be required under today's guidelines. Because we conclude that the court erred in its threshold analysis of the grounds for sentence reduction, we need not decide whether the District Court abused its discretion in determining the size of the reduction. We do, however, caution that "[w]hile there is 'no mathematical formula' for assessing the adequacy of a district court's explanation for a variance,"[24] "a major departure should be supported by a more significant justification than a minor one."[25]

Our previous decisions illuminate what constitutes an appropriate justification. In *United States v. Merced*, for example, we found that a district court's explanation of a

---

[22] *Andrews*, 12 F. 4th at 262; *United States v. Gordon*, 585 F. Supp. 3d 716 (E.D. Pa. 2022), *aff'd,* No. 22-1311, 2022 WL 2582547 (3d Cir. July 8, 2022). The government argues that the District Court also erred by finding that Herrera-Genao's age at the time of his sentencing (22 years) constituted an extraordinary and compelling ground on which to reduce his sentence. Because the District Court's error in finding the non-retroactive changes to § 924(c) infected the whole analysis, we cannot ascertain whether the court would have found his age to constitute an independent basis for compassionate release, nor whether such a finding would have been in error. Nevertheless, we note that the District Court offered questionable support for such a determination.
[23] 28 U.S.C. § 994(t); *United States v. McNair*, 481 F. Supp. 3d 362, 370 (D.N.J. 2020).
[24] *United States v. Merced*, 603 F.3d 203, 216 (3d Cir. 2010) (quoting *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008)).
[25] *Id.* (quotations omitted) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).

sentencing variation was inadequate when it failed to explain how the variation would not contribute to unwarranted sentencing disparities[26]—a criticism the government raises here. In *United States v. Goff,* we vacated a sentence reduction in which, like the District Court in Herrera-Genao's case, the sentencing court failed to address meaningfully both sentencing variation among similarly situated defendants and "the need to deter future crimes."[27] Additionally, in *United States v. Lychock*, we vacated a sentence that, as here,[28] "relied, in part, on [the District Court's] view that imprisonment would neither deter criminal conduct nor protect the public from further crimes," without offering "a reasoned explanation for its apparent disagreement with the policy judgments of Congress regarding the appropriate sentences."[29] As we advised in *Lychock*, such a disagreement is permissible only if a district court provides "'sufficiently compelling' reasons to justify it."[30]

Here, the District Court provided no compelling rationale to conclude that a "twenty-two-year sentence is sufficient, but not greater than necessary, to serve the

---

[26] *Merced*, 603 F.3d at 224.
[27] 501 F.3d 250, 261 (3d Cir. 2007).
[28] Op. 17.
[29] 578 F.3d 214, 219 (3d Cir. 2009).
[30] *Id*.

purposes of sentencing."[31]  Moreover, the court's primary rationale for justifying a sentence below current mandatory minimums appears to be Herrera-Genao's rehabilitation and his age at the time of his sentencing[32]—grounds which, as discussed above, were not clearly established in this case.

Accordingly, we will vacate the District Court's judgment of reduced sentence and remand for restoration of the original judgment of sentence.

---

[31] The District Court cited four cases to demonstrate the consistency of its reduced sentence.  All are unavailing. *United States v. Randall* has since been vacated and remanded by this Court.  No. 21-1794, 2022 WL 1238085 (3d Cir. Mar. 10, 2022).  In *United States v. Pollard*, the court reduced the defendant's sentence to—but not below, as here—the mandatory minimum applicable under current guidelines.  No. CR 10-633-1, 2020 WL 4674126 (E.D. Pa. Aug. 12, 2020).  In *United States v. Clausen*, the court provided a far more extensive analysis of the factors, notably the specific indicia that the defendant would pose no danger to the public.  No. CR 00-291-2, 2020 WL 4601247 (E.D. Pa. Aug. 10, 2020).  Finally, *United States v. McDonel* not only offered a more detailed analysis of the factors than the District Court provided here, but also arose in the Eastern District of Michigan and relied on the case law of the Sixth Circuit.  *United States v. McDonel*, 513 F. Supp. 3d 752 (E.D. Mich. 2021).

[32] Op. 18.